STATE OF RHODE ISLAND
Providence, Sc.

SUPERIOR COURT

WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH

VS.

MANITOWOC ENGINEERING CO.
THE MANITOWOC COMPANY, INC.

C.A. NO.: PC06-3724

## ***PLAINTIFF'S COMPLAINT***

**COUNT I**

1. The Plaintiff, William A. Rushworth, Sr., is a resident of the Town of Johnston, County of Providence, State of Rhode Island.

2. The said Plaintiff, William A. Rushworth, Sr., is the duly appointed Administrator of the Estate of his late son, Todd Brian Rushworth, whose date of death is July 15, 2003, and in said capacity is the lawful representative of the heirs-at-law of the said late Todd Brian Rushworth.

3. The Plaintiff, William A. Rushworth, Sr., brings this action individually and in his capacity as said Administrator/representative of the said heirs-at-law.

4. On July 14, 2003, the aforesaid Decedent, Todd Brian Rushworth, was a resident of the Town of Gloucester, State of Rhode Island and was an employee of a Rhode Island business entity, to wit: Metals Recycling, LLC.

5. On or about July 14, 2003, while in the course of his employment, the afore-referenced Decedent, Todd Brian Rushworth, was operating a crane, to wit: a Manitowoc M-250, at the Port of Providence, so-called, a location in the City of Providence, County of Providence, State of Rhode Island.

6. The crane being operated on said date and at said place was in a defective condition and/or condition unfit for its intended use.

7. At said time, the Defendant, Manitowoc, identified as such and/or by those identified names set forth above, along with its parent and subsidiary and affiliated corporations/business entities, was a business entity engaged in the manufacture and/or selling and/or leasing of cranes.

8. Said Defendant, Manitowoc, was the manufacturer of the crane being utilized in the City of Providence, County of Providence, State of Rhode Island on July 14, 2003 by the afore-referenced Decedent, Todd Brian Rushworth.

9. Said crane which had been manufactured by the Defendant was equipment known to the Defendant to present a high degree of risk/harm to the user thereof.

10. At the aforesaid time and place, the Manitowoc crane being utilized by the late Todd Brian Rushworth, while in the course of his employment, was on lease to his employer from Salah & Pecci Leasing Company, Inc., a/k/a Salah & Pecci.

11. At all times material hereto, the Defendant, Manitowoc, engaged in advertising, reconfiguring, monitoring, supervising and advising with respect to the crane referenced herein while it was placed and in use within the State of Rhode Island and, further, said Defendant, Manitowoc, was a manufacturer and distributor of said product type on a national level and with distribution reasonably expected to place its product within this state.

12. The Defendant, at all pertinent times hereto, owed a duty to all ultimate users of its equipment, including the crane referenced herein, to manufacture same for distribution in a condition which was reasonably safe, reasonably free of hazards, in compliance with all applicable codes, legal and through industry standards, and in a condition to be fit for the use for which it was intended.

13. Further, the Defendant had the duty to all ultimate users of said equipment to advise, notify and/or otherwise inform purchasers of any and all information known to it or information which should have been known to it concerning dangers, defects, hazards and other safety measures in a manner reasonably calculated to operate to the benefit of the ultimate user.

14. The Defendant had a duty to warn, notify, advise, or otherwise disseminate information known or reasonably known to it concerning the safety and ultimate use of its equipment including but not limited to issues concerning reconfiguration of the crane, i.e., cab location.

15. The Defendant had the aforesaid duties at the time of sale/distribution of the crane and, thereafter, along with a duty to provide adequate directions or warnings, all effectively communicated to the ultimate user, concerning any risks which were or came to be reasonably foreseeable and inherent in the use of this product, i.e., crane.

16. The Defendant had the duty at the time of distribution and thereafter to warn the purchasers in a manner reasonably calculated to operate to the benefit of the ultimate user with respect to any knowledge it acquired concerning hazards, dangers and other safety issues and incident to this duty was the duty to acquire said knowledge about the product through reasonably adequate inspections, tests and industry information.

17. The Defendant had the duty at the time of distribution/sale and thereafter to exercise due care with respect to advising, consulting and/or directly and/or indirectly participating in any reconfiguration of the product subsequent to its manufacture so as to reasonably prevent the creation of a danger or increased risk to the ultimate user.

18. The Defendant, in the circumstances of this case, breached each of its aforesaid duties and was otherwise negligent.

19. On July 14, 2003, while operating the Manitowoc crane and while occupying the crane cab which was elevated approximately 35 to 50 feet above the ground and configured in direct line with the sheave, the boom snapped while in operation causing the load to swing back directly toward and into the cab where the operator was seated, said operator being the late Todd Brian Rushworth.

20. As a direct and proximate result of this incident, the said crane operator, Todd Brian Rushworth, sustained severe, objective and life-threatening injuries, pain, suffering and emotional anguish resulting in his death within hours of the incident.

21. The injuries, conscious pain and suffering and death of Todd Brian Rushworth were caused as a proximate result of the negligence and breaches of duty on the part of the Defendant.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant, Manitowoc Engineering Co., The Manitowoc Company, a/k/a Manitowoc, its parent

and/or subsidiary and/or affiliated corporations and/or business entities, for all damages recoverable for the wrongful death of Todd Brian Rushworth pursuant to R.I.G.L. 10-7-2 and all further damages recoverable to the Plaintiff, individually and in his capacity as Administrator/representative of the heirs-at-law of Todd Brian Rushworth, along with all further damages provided in applicable law in a sum sufficient to confer jurisdiction in this Court.

Plaintiff,
William A. Rushworth, Sr., Individually and in his capacity as Administrator of the Estate of Todd Brian Rushworth
By his Attorney,

*LAW OFFICES OF CAROL A. ZANGARI*

Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
(401) 831-1999
(401) 454-8309 (Fax)
Dated: July 13, 2006

**COUNT II**

22. The Plaintiff hereby repeats, reasserts, realleges and incorporates by reference all allegations set forth in paragraphs 1 through 21 inclusive of Count I.

23. At the time of the incident referenced above, the Plaintiff, William A. Rushworth, Sr., was present and personally observed his son while suffering severe and life-threatening injuries while trapped in the elevated cab of the crane.

24. William A. Rushworth, Sr., was caused to endure this experience and its aftermath as a direct and proximate result of negligence on the part of the Defendant.

25. As a result of this personal observation, the Plaintiff, William A. Rushworth, Sr., suffered and will continue to suffer emotional distress and was otherwise injured and damnified.

**WHEREFORE,** the Plaintiff, William A. Rushworth, Sr., demands judgment against the Defendant for compensatory damages in a sum sufficient to confer jurisdiction in this Court.

Plaintiff,
William A. Rushworth, Sr., Individually and in his capacity as Administrator of the Estate of Todd Brian Rushworth
By his Attorney,

*LAW OFFICES OF CAROL A. ZANGARI*

Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
(401) 831-1999
(401) 454-8309 (Fax)
Dated: July 13, 2006

**COUNT III**

26. The Plaintiff, William A. Rushworth, Sr., Individually and in his representative capacity hereby repeats, reasserts, realleges and incorporates by reference all allegations set forth in paragraphs 1 through 21 inclusive of Count I and paragraphs 22 through 25 inclusive of Count II.

27. At all material times hereto, the Defendant knew or should have known that the equipment it manufactured and/or distributed, such as the crane referenced herein, was a product which involves a high risk of hazard and/or death to the ultimate user thereof.

28. As such, the negligence and breaches on the part of the Defendant in the circumstances of this case constitute reckless, willful and wanton indifference to the safety of others such as the Decedent herein and is conduct tantamount to criminality for which punitive damages are warranted.

**WHEREFORE,** the Plaintiff William A. Rushworth, Sr., Individually and in his capacity as Administrator/representative of the heirs-at-law of Todd Brian Rushworth, demands punitive damages, along with all other damages provided in applicable law.

## *TRIAL BY JURY*

The Plaintiff hereby demands a Trial by Jury and hereby designates Carol A. Zangari as Trial Counsel.

Plaintiff,
William A. Rushworth, Sr., Individually and in his capacity as Administrator of the Estate of Todd Brian Rushworth
By his Attorney,

*LAW OFFICES OF CAROL A. ZANGARI*

Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
(401) 831-1999
(401) 454-8309 (Fax)
Dated: July 13, 2006

SERVED PERSONAL SUBSTITUTE AT 7:05 a M
THIS 21 DAY OF July 2006
AT THE CITY OF MADISON
GARY H. HAMBLIN
BY [signature]
Deputy Sheriff