UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH | : | CA 06 364T |
| VS. | : | C.A. NO. |
| MANITOWOC ENGINEERING CO. THE MANITOWOC COMPANY, INC. | : | |

**ANSWER OF DEFENDANT, MANITOWOC CRANES, INC. INCORRECTLY IDENTIFIED AS MANITOWOC ENGINEERING CO. AND THE MANITOWOC COMPANY, INC., TO PLAINTIFF'S COMPLAINT**

**COUNT I**

1. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

2. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

3. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

4. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

5. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

6. Denied.

7. Admitted that Manitowoc Cranes, Inc. manufactures, designs and sells mobile construction cranes. Manitowoc Cranes, Inc. denies the remainder of plaintiff's allegations.

8. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

9. Denied.

10. This defendant is without sufficient information with which to either admit

or deny plaintiff's allegations.

11. Denied.

12. Plaintiff's allegations set forth a legal conclusion to which no response is required.

13. Plaintiff's allegations set forth a legal conclusion to which no response is required.

14. Plaintiff's allegations set forth a legal conclusion to which no response is required.

15. Plaintiff's allegations set forth a legal conclusion to which no response is required.

16. Plaintiff's allegations set forth a legal conclusion to which no response is required.

17. Plaintiff's allegations set forth a legal conclusion to which no response is required.

18. Denied.

19. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

20. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

21. Denied.

WHEREFORE, defendant hereby demands judgment in its favor plus costs.

**COUNT II**

22. Defendant incorporates its responses to paragraphs 1 through 21 of plaintiff's complaint as if fully set forth herein.

23. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

24. This defendant is without sufficient information with which to either admit or deny plaintiff's allegations.

25. This defendant is without sufficient information with which to either admit

or deny plaintiff's allegations.

WHEREFORE, defendant hereby demands judgment in its favor plus costs.

## COUNT III

26. Defendant incorporates its responses to paragraphs 1 through 25 of plaintiff's complaint as if fully set forth herein.

27. Denied.

28. Denied.

WHEREFORE, defendant hereby demands judgment in its favor plus costs.

## FIRST AFFIRMATIVE DEFENSE

To the extent that the plaintiff voluntarily assumed known risks, plaintiff may have no recovery against Manitowoc Cranes, Inc.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the product referred to in plaintiff's complaint was altered or modified, then plaintiff may have no recovery against Manitowoc Cranes, Inc.
as to any of the matters contained in plaintiff's complaint as a result of the alleged condition of the alleged product referred to in the plaintiff's complaint.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff has neither sequestered nor preserved the product referred to in the plaintiff's complaint in its immediate post-accident condition, and, therefore, Manitowoc Cranes, Inc. has been prejudiced by said spoliation allowed or engaged in by the plaintiff, to the prejudice of Manitowoc Cranes, Inc. and, therefore, plaintiff may have no recovery against Manitowoc Cranes, Inc.

## FOURTH AFFIRMATIVE DEFENSE

There is no express warranty that applies to the within action in that the plaintiff was not a purchaser, Manitowoc Cranes, Inc. was not a seller to the plaintiff, the plaintiff did not rely on any affirmation of fact or promise which became the basis of any bargain between the plaintiff on the one hand and Manitowoc Cranes, Inc.
on the other hand and, therefore, there are no applicable express warranties as alleged by the plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

There is no implied warranty of fitness for a particular purpose which applies to the within action in that plaintiff was not a purchaser, Manitowoc Cranes, Inc., was not a seller to the plaintiff and the plaintiff did not rely upon Manitowoc Cranes, Inc. for the selection of any product for any particular purpose made known by the plaintiff to Manitowoc Cranes, Inc. for the plaintiff's purchase and use and, therefore, there is no implied warranty of fitness for a particular purpose that can be maintained in the within action.

## SIXTH AFFIRMATIVE DEFENSE

There is no implied warranty of merchantability which applies to the within action in that there is no allegation or claim that the product referred to in the plaintiff's complaint did not pass within the trade without objection and, therefore, plaintiff may have no recovery for alleged breach of warranties of merchantability.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff has failed to comply with RIGL §6A-2-607 pertaining to notification of alleged breach of warranty, pursuant to the terms and conditions of said statute, then plaintiff may not maintain any action for alleged breach of warranty.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may have no recovery against Manitowoc Cranes, Inc. in that plaintiff's alleged accident was caused by the conduct of third persons, firms, or corporations over whom Manitowoc Cranes, Inc. had no control and for whom Manitowoc Cranes, Inc. has no liability.

## NINTH AFFIRMATIVE DEFENSE

Unless this defendant's alleged liability for alleged punitive damages are required to be established by clear and convincing evidence, and unless an alleged appropriate amount of alleged punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the incorporated and would, therefore, be improper under the common law and public policies of the United States and of the State of Rhode Island.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims for punitive damages against this defendant cannot be sustained on the grounds that any alleged hearing and determination of said claim for punitive damages and any award under Rhode Island law, without bifurcating the trial and trying all alleged punitive damage issues, only if and after liability on the merits has been found, would violate this defendant's due process rights guaranteed by the

Fourteenth Amendment of the United States Constitution and the incorporated due process provisions of the Rhode Island Constitution and, therefore, would be improper under the common law and the public policies of the United States and the State of Rhode Island to all statutes, common law, and rules made and provided therefore.

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims for alleged punitive damages against this defendant cannot be sustained on the grounds that any award of punitive damages under any laws relied on by the plaintiff herein are subject to no predetermined limit and are subject to no predetermined reasonable relationship to compensatory damages or maximum amount and, therefore, any award for punitive damages that a jury may impose would violate this defendant's due process rights guaranteed by the incorporated due process provisions of the Constitution of the State of Rhode Island and of the United States Constitution and, therefore would be improper under the statutes and common law of the United States and of the State of Rhode Island.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff may not maintain any claims for punitive damages against this defendant on the grounds that any award of punitive damages under any law relied on by the plaintiff herein does not provide standards of sufficient clarity for a jury to determine the appropriate size of a damage award, and does not adequately instruct on the limits of punitive damages imposed by applicable principles pertaining to deterrence and punishment. Further, the jury is expressly not prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including the residence, wealth, legal status of the defendant, or the ability of the defendant to pay.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff may not maintain any claim for punitive damages in that there is no clear standard for determining liability for alleged punitive damages that is not vague and not arbitrary in that there is no reasonably defined standard pertaining to the conduct or mental state that allows for the determination of punitive damages and, therefore, there is no permissible evidence to subject the Trial Court or Appellate Court with the standards for proper review pertaining to the reasonableness of punitive damages in furtherance of legitimate purposes which formed the basis of objective standards and, therefore, any such award would violate Rhode Island's due process and equal protection rights and the United States Constitution's due process and equal protection rights all as guaranteed by the Fourteenth Amendment to the United States Constitution and would further be improper under the statutory and common law of the United States and the State of Rhode Island.

## FOURTEENTH AFFIRMATIVE DEFENSE

The court lacks personal jurisdiction over this defendant.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

John F. Kelleher is hereby designated as trial counsel.

Defendant,
MANITOWOC CRANES, INC.
By its attorneys,
HIGGINS, CAVANAGH & COONEY, LLP

John F. Kelleher, Esq., #3854
123 Dyer Street
Providence, RI 02903
(401) 272-3500
(401) 273-8780 (facsimile)
jkelleher@hcc-law.com

## CERTIFICATION

I, the undersigned, do hereby certify that forwarded a true copy of the within document to counsel of record for plaintiff as follows:

Carol A. Zangari, Esq.
LAW OFFICES OF CAROL A. ZANGARI
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903

8/10/06