UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of<br>TODD BRIAN RUSHWORTH<br><br>VS.<br><br>MANITOWOC ENGINEERING CO.,<br>THE MANITOWOC COMPANY, INC. | : | C.A. NO. 06-0364T |
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of<br>TODD BRIAN RUSHWORTH<br>Plaintiff<br>VS.<br><br>SALAH & PECCI LEASING COMPANY,<br>INC., SALAH & PECCI, a/k/a<br>JOHN DOE CORP.<br>Defendant<br><br>VS.<br><br>METALS RECYCLING, LLC, ET AL<br>MANITOWOC CRANES, INC.<br>INTERNATIONAL LONGSHOREMEN'S<br>ASSOCIATION, LOCAL #1329<br>JOHN LOPES, in his capacity as President<br>Of Local #1329; HORACE CASTLE, in his<br>Capacity as Secretary-Treasurer of<br>Local #1329; and JOHN DOES 1-5<br>Third-Party Defendants | : | C.A. NO. 06-0369T |

**DEFENDANT MANITOWOC CRANE'S**
**MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now comes Defendant Manitowoc Cranes, Inc. (incorrectly identified as Manitowoc Engineering Co.) (hereinafter "Defendant") in connection with the above-captioned matter and hereby moves this Honorable Court for a 30-day order compelling Plaintiff to provide more responsive answers to interrogatories as follows:

**Interrogatory No. 1:**

a. State your full name, home address, occupation, business address, date of birth, Social Security number and marital status;

b. Please identify the decedent with his full name, home address, business address, employer at the time of his death by name, address and description of business in which plaintiffs decedent's employer was engaged at the time of the plaintiffs decedent's death, the plaintiff's decedent's date of birth, Social Security number, the identification of all beneficiaries of the estate and next of kin of the plaintiffs decedent, by name, date of birth, address, occupation, and business address, and please particularize exactly what loss each such person suffered as a result of Mr. Rushworth's accident and death as alleged in plaintiff's complaint.

**Answer:**

(a) William A. Rushworth; 65 Shore Drive, Johnston, RI 02919; Employment: Metals Recycling, Maintenance Department, 89 Ceila Street, Johnston, RI 02919; d/o/b: November 16, 1930; Social Security Number withheld per privilege; widower.

(b) Todd Brian Rushworth; 3 Laurel Drive, Glocester, RI; at the time of his death employed by Metals Recycling; 89 Celia Street, Johnston, RI 02919; said company was a recycling plant; Todd Rushworth's date of birth: July 12, 1961. Todd was not married and had no children. In addition to myself, Todd was survived by his mother, who has since deceased; his brothers, James Roland Rushworth; address: 3 Laurel Drive, Glocester, RI; occupation: Heavy Equipment Operator employed by Metals Recycling; d/o/b: 6/17/1959; William A. Rushworth, III; address: 65 Shore Drive, Johnston; RI; occupation: Mechanic/Heavy Equipment Operator, Metals Recycling; d/o/b: 11/16/1956; his sisters: Susan Ann Jutras; address: Rocky Hill Road, Scituate, RI; occupation: employed part-time by the Scituate School Department as a teacher's aide; d/o/b: July 3, 1955 and Deborah Ellen Rushworth; address: 65 Shore Drive, Johnston, RI; occupation: disabled but employed on a part-time basis by the Cranston School Department in the Cafeteria; d/o/b: 8/12/1963.

**More Responsive Answer Sought:** Defendant requests that plaintiff identify the loss that each person listed in subsection (b) suffered as a result of Mr. Rushworth's accident and death. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33.

**Interrogatory No. 2:** Please identify the plaintiff's decedent's complete educational background, technical license background, employment history (for the last ten years), including the name and address of each of the plaintiff's decedent's employers and a general description of the plaintiff's decedent's duties at each identified place of employment.

**Answer:** Todd had completed the 9th grade having attended Johnston Public Schools. For a period of ten years prior to his death, he was employed at Metals Recycling. He had a crane operator's license and worked at the company initially when he started in the early 1980's on a "road crew" and then began to work as a crane operator, which was his position for a number of years prior to his death. His operator's license was active for a number of years and was at the time of his death.

**More Responsive Answer Sought:** Defendant requests that Plaintiff provide the specific years in which decedent's operator's license was active. Additionally, Defendant requests that Plaintiff provide a description of decedent's duties as a crane operator. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. Plaintiff's decedent's specific job duties and years of licensure are relevant to determine decedent's knowledge and experience at the time of the incident.

**Interrogatory No. 3:** Please identify by name and address, each and every person known or believed to be a witness to the accident referred to in the plaintiff's complaint and every person known or believed to have any derivative knowledge of the accident referred to in the plaintiff's complaint. With reference thereto, please provide reasonable particularization of the information possessed by each such person having such actual or derivative knowledge.

**Answer:** Upon information and belief, at the time of this incident there were no employees of Metals Recycling present at the scene except for Todd Brian Rushworth. There was a stevedore there and the occupants of the ship. I do not, at this time, know of any other eye witnesses to the accident itself.

**More Responsive Answer Sought:** Defendant requests that the Plaintiff identify by name the stevedore present at the time of the accident. Defendant also requests that Plaintiff either identify occupants of the ship present at the time of the accident or state that Plaintiff is unaware of the names of the occupants of the ship at the time of the accident. Defendant also requests that Plaintiff provide a description of the information possessed by the stevedore and/or the occupants of the ship with respect to the accident. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. Defendant is entitled to discover the names of witnesses to the incident and their respective knowledge. Such information is clearly likely to lead to the discovery of admissible evidence.

**Interrogatory No. 4:** State whether you have knowledge of any photographs, motion pictures, video or any other pictorial or graphic representation of the scene of the accident of the plaintiff's decedent, any of the participants in the accident, the alleged product which was being used at the time and to each, state:

a. The scene or scenes depicted;

b. The date taken;
c. The name and address of the photographer; and
d. The name and address of the person having present custody of each.

**Answer:** (a-d) No video of the scene was taken to the best of my knowledge. Photographs may have been taken by the police and/or rescue crew in attendance at the scene. I took pictures the next day and copies of these photographs are being provided under separate cover in this lawsuit.

**More Responsive Answer Sought:** Defendant requests that Plaintiff provide a description of the scene or scenes depicted in each photograph, the date taken, and the name and address of the photographer.

**Interrogatory No. 5:** State whether you or your agents have knowledge of any statement, reports, voice recording, or other transcriptions of any kind given by you or other witnesses or individuals having knowledge concerning the incident which is the subject matter of this complaint; and if so, with respect to each, identify the name and address of the person giving it, the date taken, the name and address of the person taking it, and the name and address of the person having present custody of it.

**Answer:** I do not know of any such transcriptions, voice recordings, etc., other than any police investigation which would be part of the police report and the OSHA investigation.

**More Responsive Answer Sought:** Defendant requests that the Plaintiff provide a specific answer to Interrogatory No. 5, rather then referring Defendant to a third-party report. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. Defendant is entitled to plaintiff's knowledge of the incident even if it is derived from other sources.

**Interrogatory No. 6:** Please state exactly and in detail how plaintiff claims the alleged accident occurred involving the plaintiff's decedent, giving all of the events in the order of their occurrence.

**Answer:** Todd was operating the crane in question. At one point, while loading, the boom of the crane buckled, causing the load to snap back and strike directly into the cab where he was sitting. The injuries sustained as a direct result of this crash from the load resulted in his death.

**More Responsive Answer Sought:** Defendant requests that Plaintiff provide a more specific answer to this interrogatory. Defendant requests that Plaintiff provide dimensions, weight, description of the load, description of the injuries and a description of the attempted rescue. Such information is relevant as plaintiff has claimed the crane at issue was hazardous. The specific information is required so that defendant can adequately reconstruct the scene, and properly defense its interests.

**Interrogatory No. 7:** Please itemize all personal expenses of Todd Brian Rushworth for five years prior to his death for, inter alia, room, rent, mortgage payments, real property tax payments, electricity, telephone, water bills, home owner's insurance, automobile ownership maintenance repair insurance and personal property taxes, food, medical and dental expenses, travel expenses, vacation expenses, clothing expenses, union dues, spending money technical dues, professional dues, personal loans, debts due and owing to any other person, firm, or corporation, alimony payments, support payments, state and federal income taxes, and any other personal expenses incurred or on behalf of Todd Brian Rushworth, of any nature.

**Answer:** At the time of his death, Todd owned his home at the above-referenced address which property had a mortgage. He was unmarried and had no children and as such paid no alimony or child support. He was employed on a full-time basis by Metals Recycling and was not employed elsewhere. He was earning $16.78 per hour at the time of his death, plus overtime and ship loading differential which resulted in an hourly rate in the area of $20.00 to $22.00. His annual earnings with deductions for federal and state taxes will be provided through records from the employer so as to supplement this response along with further information concerning his average monthly/annual expenses.

**More Responsive Answer Sought:** Defendant requests the Plaintiff provide the referenced supplemental response including the Plaintiff's monthly and annual expenses. Defendant specifically requests that Plaintiff provide the amounts for expenses listed in the interrogatory. This information is necessary for the defendant to adequately address the wrongful death claim. See R.I.G.L. §10-7-1.1.

**Interrogatory No. 8:** State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues in this case, and if so, as to each such expert, state:

a. His name, home address, business address and occupation;
b. His educational background including schools, colleges, universities attended, and as to each, the certificate or degree thereof;
c. The field of his expertise and a description of the license or licenses with respect thereto, including the period of his license and the name of the issuing officer or agency;
d. The name and address of each professional society or organization of which he is a member;
e. The subject matter upon which he is expected to testify, to include the substance of the facts, opinions and/or conclusions to which the person is expected to testify, and a summary of the grounds for each opinion, and
f. A description and date of each written report prepared by him to include the name and address of the person having present custody or control of each such report.

**Answer:** At this time no expert has been retained or engaged. The individuals conducting the OSHA investigation have expertise with respect to the issues presented.

**More Responsive Answer Sought:** Defendant requests that Plaintiff identify OSHA investigators that he intends to call as experts. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. Defendant has a right to know plaintiff's experts so that it may properly prepare this matter for trial by conducting depositions and hiring its own experts.

**Interrogatory No. 11:** Please state whether any person, firm or corporation has made any inspection or tests of the product referred to in plaintiff's complaint for the purpose of determining the alleged defects referred to in plaintiff's complaint or for the purpose of determining the alleged breaches of warranty, and if so, as to each such inspection or test please state the following:

a. The name and address of each person, firm or corporation who or which performed each inspection and/or test;
b. If each was performed by a firm or corporation, state the exact name, address and occupation of the person of each such firm or corporation who performed each such inspection and/or test;
c. The approximate date of each such inspection and/or test;
d. The exact nature or description of each such inspection and/or test by describing the step by step procedure or procedures of each such inspection and/or test on each such occasion;
e. The name and address of each person, firm or corporation known or believed by you to have present custody or control of any report, report or memoranda of each such inspection and/or test; and
f. A description of the substance of each such records, report or memoranda.

**Answer:** None other than the OSHA inspection.

**More Responsive Answer Sought:** Defendant requests that Plaintiff provide specific answers to sections a. through f. to this interrogatory as it relates to the OSHA inspection. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. Defendant has a right to plaintiff's specific knowledge and understanding of inspection and/or tests even if derived from other sources.

**Interrogatory No. 12:**

a. Please state all the facts upon which plaintiff relies in alleging that defendant; Manitowoc Cranes, Inc., failed to use due care in the design, manufacture, and sale of the product referred to in the plaintiff's complaint, and with reference thereto, please state exactly what plaintiff claims that defendant Manitowoc Cranes, Inc., should have done in order to exercise due care in connection with the above, all as referred to in the plaintiff's complaint;

b. Please state all the facts upon which plaintiff relies in alleging that the defendant Manitowoc Cranes, Inc. negligently failed to warn plaintiff's decedent of the alleged dangerous or defective condition of the crane of which it knew or should have known and with reference thereto, please identify;

(1) The dangerous and defective condition as alleged, that plaintiff claims existed in the crane at all relevant times; and
(2) Exactly what alleged (a) dangerous or (b) defective conditions which plaintiff claims Manitowoc Cranes, Inc. was aware including reasonable particularization of the nature and time of its awareness and with further reference thereto, please state exactly what plaintiff claims Manitowoc Cranes, Inc. should have done in order to exercise due care in connection with the above all as referred to in the plaintiff's complaint.

**Answer:**

(a) Without waiving the right to rely upon further facts as may be ascertained and/or developed, the Defendant had legal duties with respect to the design, manufacture, sale and transmittal of this hazardous equipment. Upon information and belief, said Defendant participated in a reconfiguration of the crane with respect to the location of the cab which was Originally low and was raised to a higher location where it was placed at the time this incident occurred, i.e., approximately 30 feet above. The Defendant knew or should have known that this reconfiguration and cab location adjustment created a significantly greater risk to the operator and required, therefore, a heightened need for the calibration of load weight and crane angle. The reconfigured crane should have been OSHA approved and otherwise in conformance with standards in the industry and suitable for its intended use.

(b) As set forth above the Defendant had direct involvement with the reconfiguration of the cab location on the crane and in the exercise of due care, knew or should have known, the intended use and the heightened risk of harm to the operator that this new reconfiguration caused.

Further facts and information will be provided as obtained through the course of discovery.

**More Responsive Answer Sought:** (a) Defendant requests that Plaintiff provide the standards to which Plaintiff alleges the reconfigured crane should have been in conformance with. (b1.) Defendant requests that Plaintiff provide specific dimensions and descriptions of the dangerous and defective condition alleged by the Plaintiff. (b2.) Defendant requests an answer to this section. Defendant request Plaintiff provide its allegations of the nature and time of Defendant's awareness and a description of what Plaintiff alleges Defendant should have done in order to exercise due care. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. This interrogatory addresses the plaintiff's complaint against defendant. Defendant

cannot adequately prepare a defense to this matter without knowing the specific facts upon which plaintiff alleges defendant was negligent. See Raimbeault v. Takeuchi Mfg., 772 A.2d 1056 (R.I. 2001).

**Interrogatory No. 13:** Please state exactly what warnings the plaintiff claims should have been made to include the exact wording of the warnings, the size of the warnings, the type of the warning to be made, the color and size of the letters and where exactly the warnings should have been placed.

**Answer:** Without waiving the right to rely upon further facts as may be ascertained and/or developed through the course of discovery, upon information and belief, there were no warnings provided to the operator concerning the risk posed by this reconfiguration. Load measuring devices with shut-off ability and/or warning signal to the operator regarding an overload should have been installed.

**More Responsive Answer Sought:** Defendant requests a more specific answer to Interrogatory No. 13. Defendant requests that Plaintiff provide the exact wording of the warnings Plaintiff claims should have been included, the size of the warnings, the type of the warning to be made, the color and size of the letters and where exactly the warning should have been placed. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. Plaintiff has alleged defendant failed to warn of a danger. Defendant needs to know the type of warning plaintiff alleges would be reasonable in order to adequately defend against this claim. See Castrignano v. E.R. Squibb & Sons, 546 A.2d 775 (R.I. 1988).

**Interrogatory No. 14:** Please state precisely and in detail all of the facts upon which plaintiff relies in his allegation that the product referred to in the plaintiffs complaint was defective in design and manufacture, and with reference thereto, please state in detail as to each:

a. In what and exact particular respect or respects the plaintiff claims that the product was defective;
b. An itemization of each and every part, portion, component or section of the entire product which plaintiff claims was or were defective;
c. An itemization and particularization of each defect for each part, portion, component or section which plaintiff claims existed at the time of manufacture and up to and including the accident referred to in the plaintiffs complaint; and
d. The manner in which each defect manifested itself.

**Answer:** As set forth above, the cab location of this crane as reconfigured represented a hazard to the operator thereof. See OSHA investigation report and conclusions for further information currently available concerning the crane.

**More Responsive Answer Sought:** Defendant requests that Plaintiff provide (a) a specific answer to this question stating the exact claimed defect of the product, (b) a list

of allegedly defective parts and/or components, (c) a list of allegedly defective components and/or parts that existed at the time of manufacture and up to and including the time of the accident and (d) the manner in which the defect manifested itself.

Plaintiff has referred Defendant to the OSHA investigation report and conclusions. Defendant requests that Plaintiff provide an answer to the interrogatory rather than refer Defendant to third-party investigations. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. This interrogatory addresses the plaintiff's complaint against defendant. Defendant cannot adequately prepare a defense to this matter without knowing the specific facts upon which plaintiff alleges defendant was negligent. See Raimbeault v. Takeuchi Mfg., 772 A.2d 1056 (R.I. 2001). Defendant has a right to plaintiff's specific knowledge and understanding of inspection and/or tests even if derived from other sources.

**Interrogatory No. 15:** Please identify with reasonable particularity what plaintiff claims the alleged alternative design should have been in connection with the design of the alleged product referred to in the plaintiffs complaint providing all design drawings of the alternative design, all materials specifications and general specifications and general specifications of the alternative design, all test documents pertaining to the testing of the alternative design either in prototype or final form including test protocols, test films, test reports, and test results, and with further reference thereto, please reasonably particularize exactly what design features of plaintiff proposed alternative design plaintiff claims would have prevented the accident referred to in the plaintiffs complaint and which would have prevented or lessened the injuries sustained by the plaintiffs decedent as alleged in the plaintiffs complaint, and reasonably particularize how this result would have been attained by the use/inclusion of plaintiffs proposed alternative design.

**Answer:** The Defendant has the information with respect to the original design of the product which had the low cab placement. As set forth above, upon information and belief, the Defendant has information concerning the reconfiguration or alternative design which altered this. Further information concerning the specifics referred to in this Interrogatory would be within the knowledge and/or possession of the Defendant, the Lessor, Salah and Pecci and/or the decedent's employer, Metals Recycling. Had the cab not been located at the height that it was at the time of this incident, its occupant would not have been in a location for direct contact as he was and injuries from such an incident would not have been fatal.

**More Responsive Answer Sought:** Defendant requests that Plaintiff provide a specific response to this interrogatory. Plaintiff has provided a general response but has not identified an alleged alternative design with any specificity. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. This interrogatory addresses the plaintiff's complaint against defendant. Defendant cannot adequately prepare a defense to this matter without knowing the specific facts upon

which plaintiff alleges defendant was negligent. See Raimbeault v. Takeuchi Mfg., 772 A.2d 1056 (R.I. 2001).

**Interrogatory No. 16:** Please describe in detail the nature, extent and exact location of the injuries claimed to have been sustained by the plaintiff's decedent Todd Brian Rushworth as a result of the alleged accident referred to in the plaintiff's complaint.

**Answer:** The force of the load swinging into the cab which Todd was occupying caused him to sustain severe and life-threatening injuries. He was attended to by emergency medical professionals at the scene. He was essentially trapped in the cab while rescue personnel attempted to free him. He was transported to the Rhode Island Hospital for an official death pronouncement.

**More Responsive Answer Sought:** Defendant requests that Plaintiff provide a response which specifically identifies decedent's injuries. Such information is relevant as plaintiff has claimed the crane at issue was hazardous. The specific information is required so that defendant can adequately reconstruct the scene, and properly defense its interests.

**Interrogatory No. 18:** Other than the institution of this lawsuit, have you or your attorneys or representatives made a claim, oral or written, against any person, entity in connection with this occurrence? If the response is in the affirmative, state as to each such claim:

a. Whether it was made in writing or orally and who made such claim on your behalf;
b. The name, address and name of the organization, if any insurance carrier, upon whom such claim was made;
c. The date of each such claim;
d. The name and address of the recipient of each such notice of claim;
e. The name and address of the person or persons having custody of originals or copies of any of the documents or releases referred to in your response to subdivision (d) of this interrogatory and please attach a copy of said release or releases to these answers to interrogatories; and
f. Please state the total sum you or your attorneys or representatives have thus far received in settlement or compromise of claims or potential claims arising out of the accident described in the complaint.

**Answer:** (a-f) In addition to this lawsuit, see William A. Rushworth, Sr., Individually and His Capacity of the Estate of Todd Brian Rushworth v. Salah and Pecci Leasing Company, Inc., et als, U.S. District Court, District of Rhode Island, C. A. 06-0369. Metals Recycling, LLC had workers' compensation liability.

**More Responsive Answer Sought:** Defendant requests Plaintiff indicate whether Metals Recycling, LLC workers' compensation liability paid any settlement or compromise of claim arising from this accident and, if so, the amount of said settlement or compromise. Plaintiff has not objected to providing this information. Plaintiff cannot

remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33.

**Interrogatory No. 19**: With regard to the ownership and chain of custody and/or possession of the crane referred to in the plaintiff's complaint, please state the following:

a. The name and address, occupation and business address of each person, firm or corporation who or which has ever owned the crane referred to in plaintiff's complaint, up to and including the present;
b. The date of each such purchase or sale;
c. If the crane referred to in the plaintiff's complaint was taken from the scene of the accident, please state the following:
    1. Exactly where the crane was first taken;
    2. Where the crane referred to in the plaintiffs complaint was and has been stored, to date, giving the names, addresses and telephone numbers of the persons who have or had control of the crane and the premises where the crane referred to in the plaintiffs complaint was and has been stored and the inclusive dates of such storage, to date;
    3. The exact location where the crane referred to in the plaintiffs complaint and all of its components parts, portions or sections, are now located, to include the street, the street number and the name of the person, firm or corporation who or which has custody of each, and the city and state where the crane is located; and with reference thereto, please state the date that the crane was first brought to said location and the name, address and location of the person, firm or corporation who or which brought the crane to said location;
    4. The name and address of the person, firm or corporation who or which has present custody or control of each and every part, portion, component, or section of the entire crane which plaintiff alleges was defective; and with reference thereto, please state exactly how said person came into possession of each part, portion or component or section, to include the name and address of the person who delivered each to said person receiving delivery.

**Answer:** The crane was leased from Salah and Pecci to Metals Recycling, T,T,C. From the time of its lease by said employer, it was located where it was intended to be used and always used, i.e., the Port of Providence. The details concerning its chain of custody and/or its possession from the date of manufacture to its lease by Metals Recycling, LLC are known to parties other than myself and further specifics concerning same will he ascertained through the course of discovery. See OSHA investigative report for information concerning the final disposition of the crane in question.

**More Responsive Answer Sought:** (a) Please provide the name and address of the firm or corporation which has ever owned the crane referred to in Plaintiff's Complaint, (b) please provide the date of each purchase and sale of the subject crane, (c1) please provide the location of where the location was first taken after the subject accident, (c2) please

provide the location where the crane is currently stored or has been stored since the subject accident. Please also provide the names, addresses, and telephone numbers of the persons who have had control of the crane after the subject accident or currently has control of the crane. Please also provide the dates of the crane's storage at its current location, (c3) please provide the date on which the crane was first brought to its current location. Please also provide the name, address and location of the person, firm or corporation who transported the crane to its current location and (c4) please indicate the name and address of each and every person who currently has possession of any part, portion, component, or section of the entire subject crane. Please also provide the name and address of the person who delivered each part, portion, component, or section of crane.

Plaintiff has referred Defendant to the OSHA investigative report for information, Defendant respectfully requests that Plaintiff provide the information in his answers to interrogatories rather than refer Defendant to a third-party report.

Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. Defendant has a right to plaintiff's specific knowledge and understanding of inspection and/or tests even if derived from other sources. Defendant has a right to learn the chain of custody of the crane at issue as plaintiff is alleging significant changes to the product after it entered the stream of commerce.

**Interrogatory No. 20:** State whether the plaintiff's decedent suffered, for a period of five years preceding the present date, from any health condition requiring medical treatment, and if so:

a. The nature of the health conditions; and
b. The name and address of all persons and institutions which rendered treatment, the nature of the treatment and the encompassing dates of such treatment.

**Answer:** Todd was in good general health and suffered from no diseases or other conditions which required medicine or treatment.

**More Responsive Answer Sought:** (b) Defendant requests that Plaintiff provide the name and address of all persons and institutions with which the decedent treated for a period of five (5) years proceeding the date of the subject incident. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. Defendant has a right to information as it is relevant to damages in a wrongful death action.

**Interrogatory No. 22:** State the descriptive title of the position or job of the plaintiff's decedent at the time of the alleged injuries, the name and address of plaintiffs decedent's employer and the amount of his average weekly wages or earnings for the period

commencing three months prior to the alleged injury and ending on the date of the alleged injury.

**Answer:** Todd's employer was Metals Recycling, LLC, and he was a crane operator. In 2001 his gross annual income was approximately $58,500.00; in 2002 it was approximately $47,000.00. In 2003 his gross earnings to the time of his death were $27,570.48.

**More Responsive Answer Sought:** Defendant requests that Plaintiff provide the amount of decedent's average weekly wages for the period commencing three (3) months prior to the subject incident and ending on the date of the subject incident. Defendant is entitled to this information to adequately defend a wrongful death action. See R.I.G.L. §10-7-1.1.

**Interrogatory No. 24:** State in time sequence everything that the plaintiff's decedent did on the product with reference to the operation of the crane and state exactly how the crane responded for five (5) minutes prior to the accident referred to in the plaintiff's complaint, including all actions which the plaintiffs decedent made with his hands or feet or other parts of the body in connection with the operation of the crane.

**Answer:** Given that the crane operator died as a result of the injuries sustained in the incident, it cannot be stated with direct knowledge what precisely he did for the five minutes prior to the accident with specificity requested. It is stated that Todd was an experienced crane operator at the time of this incident and was in the process of working the crane in the usual course at the time that the accident occurred.

**More Responsive Answer Sought:** Defendant requests that Plaintiff provide a description of the tasks that Plaintiff's decedent was performing at the time of the subject incident. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. See Monogram Models, Inc. vs. Industro Motive Corp., 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. This interrogatory addresses the plaintiff's complaint against defendant. Defendant cannot adequately prepare a defense to this matter without knowing the specific facts upon which plaintiff alleges defendant was negligent. See Raimbeault v. Takeuchi Mfg., 772 A.2d 1056 (R.I. 2001). Plaintiff has alleged defendant failed to warn of a danger. Defendant needs to know the type of warning plaintiff alleges would be reasonable in order to adequately defend against this claim. See Castrignano v. E.R. Squibb & Sons, 546 A.2d 775 (R.I. 1988).

MANITOWOC CRANES, INC.
By its attorneys,
HIGGINS, CAVANAGH & COONEY, LLP
/s/ Beth A. Oldmixon____________________
Beth A. Oldmixon, #7211
123 Dyer Street
Providence, RI 02903
(401) 272-3500
boldmixon@hcc-law.com

**CERTIFICATION**

I, Beth A. Oldmixon, hereby certify that the within document was electronically filed on April 24, 2007. I further certify that a true copy of the within was sent by electronic means (ECF) to the following counsel of record: Jessica V. Barnett, Esq., at jbarnett@foleyhoag.com; Michael J. Daly, Esq., at mdaly@vetterandwhite.com; Mark P. Dolan, Esq. at ricedolan@ricedolan.com; Jeffrey S. Follett, Esq. at jfollett@foleyhoag.com; Brooks R. Magratten, Esq. at bmagratten@vetterandwhite.com; John R. Mahoney, Esq., at jackmahoney@amlawllp.com, lsoucy@amlawllp.com and at johnmahoney@amlawllp.com; Robert J. Quigley, Jr., Esq., at rquigley@mjqlaw.com; and Carol A. Zangari, Esq., at caz@zangarilaw.com on this 24th day of April, 2007.

/s/ Beth A. Oldmixon