UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of<br>TODD BRIAN RUSHWORTH<br><br>VS.<br><br>MANITOWOC ENGINEERING CO.,<br>THE MANITOWOC COMPANY, INC. | : | C.A. NO. 06-0364T |
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of<br>TODD BRIAN RUSHWORTH<br>Plaintiff<br>VS.<br><br>SALAH & PECCI LEASING COMPANY,<br>INC., SALAH & PECCI, a/k/a<br>JOHN DOE CORP.<br>Defendant<br><br>VS.<br><br>METALS RECYCLING, LLC,<br>MANITOWOC CRANES, INC.<br>INTERNATIONAL LONGSHOREMEN'S<br>ASSOCIATION, LOCAL #1329<br>JOHN LOPES, in his capacity as President<br>Of Local #1329; HORACE CASTLE, in his<br>Capacity as Secretary-Treasurer of<br>Local #1329; and JOHN DOES 1-5<br>Third-Party Defendants | : | C.A. NO. 06-0369T |

**MANITOWOC CRANES, INC.'S**
**RENEWED MOTION TO DISMISS**
**FOR FAILURE TO COMPLY WITH A PRIOR COURT ORDER**

NOW COMES Defendant Manitowoc Cranes, Inc. (improperly designated herein

as Manitowoc Engineering Co. and The Manitowoc Company, Inc.) and moves this Court to enforce its May 18, 2007 Order. Defendant, relies on the accompanying memorandum of law in support of this motion.

Defendant
By Their Attorneys,
HIGGINS, CAVANAGH & COONEY,LLP
/s/ Beth A. Oldmixon
John F. Kelleher, Esq., No. 3854
Beth A. Oldmixon, Esq. No. 7211
123 Dyer Street
Providence, RI 02903-3987
Telephone: 401-272-3500
Facsimile: 401-273-8780
E-Mail: boldmixon@hcc-law.com

**CERTIFICATION**

I, Beth A. Oldmixon, hereby certify that the within document was electronically filed on June 27, 2007. I further certify that a true copy of the within was sent by electronic means (ECF) to the following counsel of record: Jessica V. Barnett, Esq., at jbarnett@foleyhoag.com; Michael J. Daly at mdaly@vetterandwhite.com; Mark P. Dolan, Esq. at ricedolan@ricedolan.com; Jeffrey S. Follett, Esq at jfollett@foleyhoag.com; Brooks R. Magratten, Esq at bmagratten@vetterandwhite.com; John R. Mahoney, Esq., at jackmahoney@amlawllp.com, lsoucy@amlawllp.com and at johnmahoney@amlawllp.com; Robert J. Quigley, Jr. at rquigley@mjqlaw.com; and Carol A. Zangari at caz@zangarilaw.com on this 28th day of June, 2007.

/s/ Beth A. Oldmixon

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of<br>TODD BRIAN RUSHWORTH | : | |
| VS. | : | C.A. NO. 06-0364T |
| MANITOWOC ENGINEERING CO.,<br>THE MANITOWOC COMPANY, INC. | : | |
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of<br>TODD BRIAN RUSHWORTH<br>Plaintiff | : | |
| VS. | : | C.A. NO. 06-0369T |
| SALAH & PECCI LEASING COMPANY,<br>INC., SALAH & PECCI, a/k/a<br>JOHN DOE CORP.<br>Defendant | : | |
| VS. | : | |
| METALS RECYCLING, LLC,<br>MANITOWOC CRANES, INC.<br>INTERNATIONAL LONGSHOREMEN'S<br>ASSOCIATION, LOCAL #1329<br>JOHN LOPES, in his capacity as President<br>Of Local #1329; HORACE CASTLE, in his<br>Capacity as Secretary-Treasurer of<br>Local #1329; and JOHN DOES 1-5<br>Third-Party Defendants | : | |

**MANITOWOC CRANES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH A PRIOR COURT ORDER**

NOW COMES Defendant Manitowoc Cranes, Inc. (improperly designated herein

as Manitowoc Engineering Co. and The Manitowoc Company, Inc.) and moves this Court to enforce its May 18, 2007 Order which Plaintiff has completely disregarded. This is now the fourth motion that Manitowoc has been forced to file with the Court to compel answers to interrogatories which Manitowoc propounded to Plaintiff. Those interrogatories seek the most basic of information regarding the claims Plaintiff has asserted against Manitowoc. Quite simply, it is unimaginable that Plaintiff has failed to provide this necessary and basic information. Without this information, Manitowoc – indeed all defendants herein – are in the untenable position of trying to defend claims that they do not understand and cannot evaluate. Inasmuch as this Plaintiff has already had "three strikes" with regard to this same exact issue, the Court should impose all appropriate sanctions as provided in Federal Rule of Civil Procedure 37(b)(2).

## I. BACKGROUND

### A. Manitowoc's October 4, 2006 Motion To Compel – The First Motion.

This lawsuit relates to a workplace accident which occurred at the Port of Providence on July 14, 2003. The accident occurred when Todd Rushworth, who was operating the crane, overloaded the crane beyond manufacturer's specifications; this resulted in the crane collapsing. Mr. Rushworth was injured, and unfortunately killed, by falling debris.

Plaintiff filed his complaint on July 13, 2006 alleging *inter alia* that the crane being used at the time this accident occurred was defective and unfit for its intended use. Plaintiff also alleged that Manitowoc was negligent. In an attempt to understand the specific claims Plaintiff has asserted, Manitowoc served interrogatories upon Plaintiff on August 10, 2006. Pursuant to Federal Rule of Civil Procedure 33, Plaintiff was required

to respond to those interrogatories by not later than September 11, 2006. Plaintiff failed to do so.

On September 20, 2006 Defendant's counsel reminded Plaintiff's counsel that answers to the interrogatories were overdue and inquired as to whether the answers would be forthcoming. (See Letter from Gerald C. DeMaria to Carol A. Zangari dated September 20, 2006, attached hereto as **Exhibit A**). Plaintiff still failed and/or refused to provide responses thereater. Moreover, Manitowoc's counsel was never even contacted by Plaintiff's counsel with regard to these overdue responses.

Accordingly, on October 4, 2006 Manitowoc filed a motion to compel answers to those interrogatories. Plaintiff did not object to Defendant's motion to compel and Judge Martin granted the motion on October 30, 2006. The Court ordered that Plaintiff had 30 days within which to respond to the interrogatories, i.e., by November 30, 2006.

### B. Manitowoc's January 16, 2007 Motion For Dismissal – The Second Motion.

Notwithstanding the Court's October 30, 2006 Order, Plaintiff asked Manitowoc for additional time beyond November 30, 2006 to respond to the interrogatories. Rather, than requiring that this issue be taken back before the Court, Defendant worked with Plaintiff and agreed to a further minimal extension until December 24, 2006. Unfortunately, that deadline passed and Plaintiff still had not provided answers to Defendant's interrogatories.

Therefore, on January 16, 2007 Manitowoc filed a motion to dismiss Plaintiff's complaint for failure to comply with the Court's October 30, 2006 Order. Before that motion was heard or ruled upon, Plaintiff finally served "answers" to Defendant's interrogatories on February 5, 2007. Those "answers", however, contained little, if any,

meaningful information which Defendants could use to understand and evaluate the claims Plaintiff has asserted.

**C. Manitowoc's April 24, 2007 Motion To Compel – The Third Motion.**

Given Plaintiff's inadequate discovery responses, Manitowoc prepared a draft motion to compel and forwarded it Plaintiff's counsel requesting more responsive answers to the interrogatories. (See letter from Beth A. Oldmixon to Carol A. Zangari dated March 19, 2007, attached hereto as **Exhibit B**). Plaintiff never responded to this correspondence.

Accordingly, on April 24, 2007 Manitowoc filed a motion to compel Plaintiff to provide full and complete responses to Defendant's interrogatories. Plaintiff chose to file no response or objection to Manitowoc's motion. As such, on May 18, 2007 Judge Martin entered an Order granting the motion and providing Plaintiff twenty-one days within which to fully and completely respond to Manitowoc's interrogatories. Based upon the Court's clear and unambiguous Order, Plaintiff's deadline for fully and completely responding to Manitowoc's interrogatories was June 8, 2007. At the time of this filing (nearly two weeks after that deadline has come and gone), Plaintiff has once again failed to fulfill his obligations – obligations which exist not only by virtue of the express Orders of this Court, but also by virtue of the Federal Rules of Civil Procedure.

Almost four years have passed since the date of the accident; nearly a year has passed since Plaintiff commenced this lawsuit against Manitowoc; more than ten months have passed since Manitowoc first propounded interrogatories on the Plaintiff. Yet, Defendant still does not have any meaningful information by which to understand and evaluate the claims asserted by Plaintiff herein. Plaintiff's pattern of conduct in this case

gives Manitowoc no choice but to file yet this ***fourth motion*** dealing with the same matters addressed in its prior three motions (and the same matters addressed by the Court's prior two Orders).

## II. ARGUMENT

### A. Manitowoc's Motion To Dismiss Should Be Granted Due To Plaintiff's Repeated Failure To Comply With This Court's Orders Compelling Discovery.

The First Circuit has held that a District Court may dismiss a case for a party's failure to comply with a court order pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). Damiani v. Rhode Island Hospital, 704 F.2d 12 (1st Cir. 1983). The Court cited to the United States Supreme Court decision of National League v. Metropolitan Hockey Club, 427 U.S. 639 (1976) in support of its decision. Therein the Court stated that Rule 37 sanctions must be applied diligently "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. at 643.

In Damiani, the Plaintiff failed to provide answers to interrogatories as required by Rule 33. Defendant filed a motion to compel which was granted. Plaintiff notified Defendant on four separate occasions, all after the compliance deadline set by the court, that the answers would be forthcoming. None of the self-imposed deadlines were met by Plaintiff. Defendant having still not received the compelled discovery responses filed a motion to dismiss. The District Court dismissed the complaint finding that the failure to comply with the discovery order was "intentional and not reasonably justified and constituted a willful dereliction of counsel's responsibility both to [the] court and to the defendants." Damiani, 704 F.2d at 14-15.

The First Circuit upheld the dismissal finding Plaintiff's counsel willfully disobeyed the court's order and stated that "if such conduct were condoned by a slap on the wrist the District Court of Rhode Island might well find the lawyers calling the tune on discovery schedules." Id. The First Circuit also noted that the "day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience." Id.

Similar to the Plaintiff in Damiani, here Plaintiff, after failing to provide the original responses in a timely fashion, for the second time has willfully failed to comply with the Court's Order requiring him to provide full and complete responses to Defendant's interrogatories. Accordingly, Defendant requests that this Court impose those sanctions authorized under Federal Rule of Civil Procedure 37(b)(2).

**B. FRCP 37(b)(2) Provides The Appropriate Remedy For Plaintiff's Willful And Repeated Violation Of This Court's Orders.**

As the First Circuit ruled in Damiani, the appropriate remedy for Plaintiff's willful and repeated violation of this Court's Orders regarding providing full and complete responses to Manitowoc's interrogatories is dismissal as provided in FRCP 37(b)(2). That rule specifically contemplates that dismissal of the action "or any part thereof" is appropriate for a party's failure to obey an order made under FRCP 37(a).

In this case, Plaintiff has demonstrated a pattern of disregard for this Court's Orders. Plaintiff has twice ignored Orders of this Court both of which dealt with Plaintiff's refusal to fully and completely respond to Manitowoc's interrogatories. Plaintiff's pattern of conduct has also necessitated Manitowoc in pursuing what is now the fourth motion on this very same aspect of the case. No reason can justify this pattern of conduct. Nor is there any reason which can justify Plaintiff's continued refusal to

provide Defendants with the most basic of information and details about his claim so that Defendants can understand and evaluate those claims. This pattern of refusal is even more troubling given that Plaintiff's assertion of liability was made as long ago as July of 2006 when it first sued Manitowoc (not to mention that Plaintiff has now had more than four years since the accident to formulate any theories he may seek to advance against Defendants).

Although dismissal is the appropriate remedy for plaintiff's conduct, in light of the multiple parties and claims asserted in this case, Manitowoc is not suggesting that the Court dismiss the entire lawsuit. Rather, by virtue of the multiple parties and multiple claims asserted herein, the Court should rely upon and invoke FRCP 37(b)(2) which expressly contemplates dismissal of "any part [of the action]". Manitowoc submits that certain allegations made by Plaintiff and about which Manitowoc specifically inquired in its interrogatories should be dismissed from this case. These allegations include:

- That the subject crane was somehow defective.[1] (See Complaint ¶6 and Manitowoc's Interrogatory No. 14).
- That Manitowoc was somehow negligent. (See Complaint ¶¶12, 17 and 18 and Manitowoc's Interrogatory No. 12).
- That the subject crane somehow lacked warnings. (See Complaint ¶13, 14, 15, 16 and 18 and Manitowoc's Interrogatory No. 14).[2]

---

[1] Plaintiff has also alleged that Salah & Pecci is liable for the crane allegedly somehow being defective. In turn, Salah & Pecci has asserted a nominal third party claim for common law contribution and/or indemnification against Manitowoc ("In the event that SPL is found liable, SPL is entitled to contribution and/or indemnification from Manitowoc." See Third Party Complaint of Salah & Pecci, ¶26). The only possible way that Manitowoc could arguably be liable to Salah & Pecci for common law contribution and/or indemnification is if it could ultimately be proven that the subject crane was somehow defective. As such, in light of Plaintiff's conduct herein and assuming the Court follows the precedent established in Damiani, Plaintiff should be precluded from asserting against any party that the crane is somehow defective. Plaintiff should not be able to assert these claims against Manitowoc through the back door if they are dismissed – as they now should be – against Manitowoc.

As the record in this case clearly shows, Plaintiff has willfully and repeatedly failed and refused to provide specific and detailed information in answers to Manitowoc's interrogatories – despite being twice ordered by the Court to do so. Manitowoc is clearly entitled to this information and Defendants are severely prejudiced in understanding, evaluating and preparing their defenses without this information.

### C. FRCP 37Also Provides That Plaintiff Shall Be Required To Pay The Expenses Manitowoc Has Incurred As A Result Of Plaintiff's Conduct.

Federal Rule of Civil Procedure 37(b)(2) expressly provides that the court *shall* require the party failing to obey the Court's Order to pay the reasonable expenses, including attorney's fees, caused by the failure.

> In lieu of any of the foregoing orders or in addition thereto, the court ***shall*** require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure.

FRCP 37(b)(2) (emphasis added).

The expenses (including fees) may only be avoided if the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. FRCP 37(b)(2).[3] As noted above, there is no legitimate justification for the Plaintiff's willful and repeated failure to do what is required of him and, more

---

[2] Manitowoc would alert the Court to the fact that there are many interrogatories which Plaintiff has not provided full and complete responses as Ordered by the Court. The interrogatories identified here directly address the core allegations made by Plaintiff. Many of the other interrogatories which have not been fully and completely responded to deal indirectly with these core allegations and/or other aspects of the case (such as damages, etc.).

[3] Federal Rule of Civil Procedure 37(a)(4)(A) also provides that if a motion to compel is granted the Court "*shall*, after affording an opportunity to be heard, require the party…whose conduct necessitated the motion…to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." The expenses (including fees) may only be avoided if the Court finds that the opposition to the motion was substantially justified or "or other circumstances make an award of expenses unjust." F.R.C.P. 37(a)(4) (emphasis added). Rule 37(a)(4)(A)'s provisions illustrate that Manitowoc should also be awarded it expenses (including reasonable attorney's fees) incurred in connection with the motions that resulted in the Court's October 30, 2006 and May 18, 2007 Orders.

specifically, what the Court has twice ordered Plaintiff to do. Moreover, since Plaintiff has never filed any response or objection to any of Manitowoc's prior three motions, there is absolutely no basis upon which one could conclude that Plaintiff's failure was justified. Therefore, Manitowoc, respectfully requests that this Court award it the reasonable expenses, including attorney's fees, incurred in bringing its prior three motions and now this fourth motion – all of which pertain to obtaining full and complete answers from Plaintiff to Manitowoc's interrogatories.

## III. CONCLUSION

For the foregoing reasons, Manitowoc respectfully requests that this Court grant its renewed motion to dismiss and enter an Order as follows:

(a) Dismissing Plaintiff's allegations that the subject crane was somehow defective;

(b) Dismissing Plaintiff's allegations that Manitowoc was somehow negligent;

(c) Dismissing Plaintiff's claims that the subject crane somehow lacked warnings;

(d) Precluding Plaintiff from admitting evidence that the subject crane was somehow defective;

(e) Precluding Plaintiff from admitting evidence that Manitowoc was somehow negligent;

(f) Precluding Plaintiff from admitting evidence that the subject crane somehow lacked warnings; and

(g) Awarding Manitowoc its reasonable expenses, including attorney's fees, incurred in relation to the four motions Manitowoc has had to file in its futile attempt to obtain full and complete answers to its interrogatories.

Defendant
By Their Attorneys,
HIGGINS, CAVANAGH & COONEY,LLP
/s/ Beth A. Oldmixon
John F. Kelleher, Esq., No. 3854
Beth A. Oldmixon, Esq. No. 7211
123 Dyer Street
Providence, RI 02903-3987
Telephone: 401-272-3500
Facsimile: 401-273-8780
E-Mail: boldmixon@hcc-law.com

**CERTIFICATION**

I, Beth A. Oldmixon, hereby certify that the within document was electronically filed on June 27, 2007. I further certify that a true copy of the within was sent by electronic means (ECF) to the following counsel of record: Jessica V. Barnett, Esq., at jbarnett@foleyhoag.com; Michael J. Daly at mdaly@vetterandwhite.com; Mark P. Dolan, Esq. at ricedolan@ricedolan.com; Jeffrey S. Follett, Esq at jfollett@foleyhoag.com; Brooks R. Magratten, Esq at bmagratten@vetterandwhite.com; John R. Mahoney, Esq., at jackmahoney@amlawllp.com, lsoucy@amlawllp.com and at johnmahoney@amlawllp.com; Robert J. Quigley, Jr. at rquigley@mjqlaw.com; and Carol A. Zangari at caz@zangarilaw.com on this 28th day of June, 2007.

/s/ Beth A. Oldmixon