UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of TODD<br>BRIAN RUSHWORTH | : | |
| VS. | : | C.A. NO. 06-364T |
| MANITOWOC ENGINEERING CO.<br>THE MANITOWOC COMPANY, INC. | : | |
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of TODD<br>BRIAN RUSHWORTH<br>Plaintiff | : | |
| VS. | : | C.A. NO. 06-369T |
| SALAH & PECCI LEASING COMPANY,<br>INC., SALAH & PECCI, a/k/a JOHN<br>DOE CORP.<br>Defendant | : | |
| VS. | : | |
| METALS RECYCLING, LLC,<br>MANITOWOC CRANES, INC.<br>INTERNATIONAL LONGSHOREMEN'S<br>ASSOCIATION, LOCAL #1329<br>JOHN LOPES, in his capacity as President<br>Of Local #1329; HORACE CASTLE, in his<br>Capacity as Secretary-Treasurer of Local<br>#1329; and JOHN DOES 1-5<br>Third-Party Defendants | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT,
MANITOWOC CRANES, INC.'S MOTION TO DISMISS**

Now comes the Plaintiff in the above-entitled actions, William A. Rushworth, Sr., and Objects to Manitowoc Cranes, Inc.'s Motion to Dismiss for failure to comply with a prior Court Order. In support of this Objection, the Plaintiff submits the attached Memorandum.

**Request for Hearing**

The Plaintiff hereby requests the opportunity to be heard with respect to this Objection and Motion.

Plaintiff,
**William A. Rushworth, Sr.**
By His Attorney,

*Law Offices of Carol A. Zangari*

\s\Carol A. Zangari
Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
401.831.1999 (t)
401-454-8309 (f)
Dated: July 12, 2007

**CERTIFICATION**

I hereby certify that on the 12th day of July, 2007, a true copy of the within was mailed to: **John F. Kelleher, Esq.,** *Higgins, Cavanagh & Cooney, LLP*, The Hay Building, 4th Floor, 123 Dyer Street, Providence, RI 02903; **Mark P. Dolan, Esq.**, *Rice, Dolan & Kershaw*, 170 Westminster Street, Suite 900, Providence, RI 02903; **Michael J. Daly, Esq.**, *Vetter & White, Inc.*, 20 Washington Place, Providence, RI 02903; **Robert J. Quigley, Esq.**, *McKenney, Quigley, Izzo & Clarkin*, 95 Chestnut Street, Providence, RI 02903; **John R. Mahoney, Esq.**, 155 South Main Street, Providence, RI 02903; **Jeffrey Follett, Esq.**, *Foley & Hoag*, 155 Seaport Boulevard, Boston, MA 02210-2600; and **Brandon Bigelow, Esq.**, *Bingham McCutcheon, LLP*, 150 Federal Street, Boston, MA -2110.

\s\Carol A. Zangari
*Law Offices of Carol A. Zangari*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of TODD<br>BRIAN RUSHWORTH | : | |
| VS. | : | C.A. NO. 06-364T |
| MANITOWOC ENGINEERING CO.<br>THE MANITOWOC COMPANY, INC. | : | |
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of TODD<br>BRIAN RUSHWORTH<br>Plaintiff | : | |
| VS. | : | C.A. NO. 06-369T |
| SALAH & PECCI LEASING COMPANY,<br>INC., SALAH & PECCI, a/k/a JOHN<br>DOE CORP.<br>Defendant | : | |
| VS. | : | |
| METALS RECYCLING, LLC,<br>MANITOWOC CRANES, INC.<br>INTERNATIONAL LONGSHOREMEN'S<br>ASSOCIATION, LOCAL #1329<br>JOHN LOPES, in his capacity as President<br>Of Local #1329; HORACE CASTLE, in his<br>Capacity as Secretary-Treasurer of Local<br>#1329; and JOHN DOES 1-5<br>Third-Party Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEFENDANT, MANITOWOC CRANES, INC.'S MOTION TO DISMISS**

**Background - Summary**

It should be noted at the outset that the Plaintiff provided, via hand-delivery, to the Defendant, Manitowoc's counsel, duly executed More Responsive Answers to Its

Interrogatories on July 12, 2007. It should be further noted that the Plaintiff provided to said counsel duly executed Answers to Interrogatories on February 5, 2007. The Responses contained within each have set forth the information available to the Plaintiff with respect to the inquiry posed. Certain of the Interrogatories require responsive facts which are ascertainable through discovery in the case, which discovery is on-going. Pursuant to a Court Scheduling Conference conducted in these matters, this Honorable Court provided for fact discovery to proceed until a closure date of **January 31, 2008**. Pursuant to said Order, the Plaintiff is to make expert disclosure on or before February 28, 2008, and the Defendants' reciprocal expert disclosure is to be made on or before March 28, 2008, with such disclosure to be made by Third-Party Defendants on or before April 28, 2008.

The case at Bar involves an incident which occurred on July 14, 2003, when the decedent, Todd Brian Rushworth, was operating a crane in the course of his employment at Metals Recycling, LLC. During the course of his operation of the crane, the boom broke and collapsed back. A portion came flying back into the operator's cab pinning the operator into same and causing him to suffer severe and life-threatening injuries. Attempts at rescue at the scene failed, and the operator, Todd Rushworth, was pronounced dead within hours. In this case, the decedent is represented by his father, William A. Rushworth, Sr.

The crane being operated by the decedent was manufactured by the moving Defendant, Manitowoc. It had been leased to the decedent's employer, Metals Recycling, by a separate Defendant, Salah & Pecci Leasing Company, Inc.

In this action, the Plaintiff has alleged, *inter alia*, that the said manufacturer is liable for negligence and breaches with respect to its duties as manufacturer and distributor of this equipment. More specifically, the Plaintiff has contended that in addition to general obligations with respect to the manufacturing and distribution of this type of product,

Manitowoc participated in a reconfiguration of the product, to wit: the elevation of the location of the cab and potential additional modifications attendant to same.

In his Answers to the Interrogatories from this Defendant, the Plaintiff provided this information and further set forth, in pertinent part, that the specifics concerning the details of the transaction(s), the reconfiguration which was performed, as well as warnings and other specifications which may or may not have been provided by the Defendant to necessary parties for the protection of the ultimate user, were facts to be ascertained through the course of discovery. Indeed, these facts are not within the direct knowledge of the decedent's representative and will be ascertained as discovery proceeds with inquiry to parties and witnesses who would be in possession of these particulars. The Plaintiff is not. His "silence" with respect to said specifics is not a sanctionable matter, but rather an honest and forthright reflection of the state of his information at the time of the response.

**Manitowoc's Motion Should be Denied**

The within Plaintiff has, in fact, supplied Responses to the Defendant's discovery requests with a good faith recitation of those facts within his possession given that discovery is not only on-going, but has commenced fairly recently. The argument presented by the moving Defendant suggests that the Plaintiff should be sanctioned or further penalized with the most draconian of measures citing the case of *Damiani v. Rhode Island Hospital*, 704 F.2d 12 (1st Cir. 1983). The circumstances of said case are distinguishable from those presented herein. In *Damiani*, the Plaintiff failed to file any responses. That is not the case here.

As set forth above, the Plaintiff in this action is an individual who was neither present at the scene, nor does he have the benefit of direct information from the crane operator who is now deceased. His ability to ascertain detailed and specific facts concerning myriad transactions between and among companies can only be achieved by and through the

discovery process. He has set forth his contentions, but he cannot and should not be prematurely and inequitably forced to produce information which he does not yet have, but will develop during the fact discovery portion of the litigation, which by Order of this Honorable Court, is not concluded until several months from this date. It is respectfully submitted that it is well within the Plaintiff's rights to be allowed to exercise his fact-finding mission. Further, with due respect to the moving Defendant, an aggressive pursuit of the production of information from a Plaintiff on a premature basis, particularly when the information sought clearly rests with entities, parties and witnesses other than himself, is inconsistent with both the spirit and letter of the Rules of Discovery.

Plaintiff and his counsel have the most sincere and significant respect for the Rules of the Court and its Orders. There was no intention to disregard or otherwise violate same. A review of the Plaintiff's Responses as originally filed reflect that the information available was set forth and there is simply an inability to provide additional requested specifics at this juncture. It is respectfully requested that the Court in the circumstances of this Motion and said Objection exercise its discretion in favor of the Plaintiff. In the event that the moving Defendant persists in seeking to be reimbursed for costs and fees and/or further measures, your Plaintiff respectfully requests the opportunity for a Hearing with regard to this matter.

Plaintiff,
**William A. Rushworth, Sr.**
By His Attorney,

*Law Offices of Carol A. Zangari*

\s\Carol A. Zangari
Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
401.831.1999 (t)
401-454-8309 (f)
Dated: July 12, 2007

**CERTIFICATION**

I hereby certify that on the 12th day of July, 2007, a true copy of the within was mailed to: **John F. Kelleher, Esq.,** *Higgins, Cavanagh & Cooney, LLP*, The Hay Building, 4th Floor, 123 Dyer Street, Providence, RI 02903; **Mark P. Dolan, Esq.**, *Rice, Dolan & Kershaw*, 170 Westminster Street, Suite 900, Providence, RI 02903; **Michael J. Daly, Esq.**, *Vetter & White, Inc.*, 20 Washington Place, Providence, RI 02903; **Robert J. Quigley, Esq.**, *McKenney, Quigley, Izzo & Clarkin*, 95 Chestnut Street, Providence, RI 02903; **John R. Mahoney, Esq.**, 155 South Main Street, Providence, RI 02903; **Jeffrey Follett, Esq.**, *Foley & Hoag*, 155 Seaport Boulevard, Boston, MA 02210-2600; and **Brandon Bigelow, Esq.**, *Bingham McCutcheon, LLP*, 150 Federal Street, Boston, MA -2110.

\s\Carol A. Zangari
*Law Offices of Carol A. Zangari*