UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of TODD<br>BRIAN RUSHWORTH | : | |
| VS. | : | C.A. NO. 06-364T |
| MANITOWOC ENGINEERING CO.<br>THE MANITOWOC COMPANY, INC. | : | |
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of TODD<br>BRIAN RUSHWORTH<br>Plaintiff | : | |
| VS. | : | C.A. NO. 06-369T |
| SALAH & PECCI LEASING COMPANY,<br>INC., SALAH & PECCI, a/k/a JOHN<br>DOE CORP.<br>Defendant | : | |
| VS. | : | |
| METALS RECYCLING, LLC,<br>MANITOWOC CRANES, INC.<br>INTERNATIONAL LONGSHOREMEN'S<br>ASSOCIATION, LOCAL #1329<br>JOHN LOPES , in his capacity as President<br>Of Local #1329; HORACE CASTLE, in his<br>Capacity as Secretary-Treasurer of Local<br>#1329; and JOHN DOES 1-5<br>Third-Party Defendant | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEFENDANT, MANITOWOC CRANES, INC.'S RENEWED MOTION TO DISMISS**

The Plaintiff submits the following in reply to the Defendant, Manitowoc's August 24, 2007 Supplemental Memorandum in Support of Its Motion to Dismiss and/or Counsel Fees/Other Relief. The record in this case, along with the documents submitted to the Court ancillary to the Memoranda at issue, verify that the Plaintiff filed Answers to the moving Defendant's Interrogatories on February 5, 2007. Thereafter, More Responsive Answers to said Defendant's Interrogatories were filed on July 12, 2007. It is important to note at the outset that fact-discovery is currently on-going with a closure date scheduled for same on January 31, 2008. Pursuant to said

Scheduling Order, expert disclosure on the part of the Plaintiff is due on or before February 28, 2008, Defendants' reciprocal expert disclosure is due March 28, 2008, along with Third-Party Defendants' disclosure on April 28, 2008. Lastly, for pertinent purposes, said Scheduling Order provides that all other discovery, including expert depositions, shall be completed by June 15, 2008. As such, there is no genuine issue of prejudice to the moving party in Trial presentation or other attendant arguments concerning delay of Trial or the like.

The case at Bar involves an incident which occurred on July 14, 2003, when the decedent, Todd Rushworth, was operating a crane in the course of his employment at Metals Recycling, LLC. As set forth in the Complaint, the crane being operated by the decedent at the time its collapse was manufactured and distributed initially by the moving Defendant. Further, said Defendant manufacturer and distributor, along with its parent, subsidiary and affiliated business entities, engaged not only in the manufacture of the said crane, but also in the selling and/or leasing of same. It was further specified by the Plaintiff, that the crane in question was leased from Salah & Pecci Leasing Co., a separate Defendant, to the decedent-Plaintiff's employer, Metals Recycling, which corporation along with Salah & Pecci, is a party to the lawsuits by virtue of Third-Party Complaints. Lastly, it has been specified by the Plaintiff that the crane in question underwent a reconfiguration and the moving Defendant herein participated in that project.

Given the facts and circumstances, it is not only reasonable, but critical in considering the need for the completion of fact-discovery, to recognize the fact that the Defendant corporations, and for purposes of the particular issue presented herein, the moving Defendant has knowledge of its own product, (as well as the subsequent transactions involving it and the extent of its own involvement therein), which is superior to the knowledge of the Plaintiff. The Plaintiff herein occupies a representative capacity and can only ascertain particulars as information is provided to him by other parties and/or individuals.

Plaintiff has alleged that in addition to owing general duties as the manufacturer, seller and distributor of this product, the moving party participated in a reconfiguration of the crane in question and, in so doing, assumed additional obligations with respect to its safety and suitability for the intended use.

It is respectfully submitted that in responsive discovery (Answers to Interrogatories) the Plaintiff set forth a full, fair and good faith disclosure of the information within his knowledge and possession. Plaintiff's response to Interrogatory #12 filed by the moving Defendant set forth specifically that the Defendant Manitowoc is alleged to have been negligent in participating in the

reconfiguration of the crane with respect to the location of the cab which was originally low (as manufactured) and was then as part of the reconfiguration raised to a higher location approximately 30 feet above ground. The Plaintiff's response goes on to state as follows: "The Defendant knew or should have known that this reconfiguration and cab relocation adjustment created a significantly greater risk to the operator and required, therefore, a heightened need for the calibration of load weight and crane angle. The reconfigured crane should have been OSHA approved and otherwise in conformance with standards in the industry and suitable for its intended use." Said response further specifies that Defendant Manitowoc, given its direct involvement with the reconfiguration of the crane "knew or should have known the intended use and the heightened risk of harm to the operator that this new reconfiguration caused." This response incorporated therein the proper reservation of the Plaintiff's right to rely on further facts as may be ascertained or developed during the course of discovery. In its More Responsive Answer to this inquiry as pressed by the moving party, the Plaintiff set forth that he is presently not in possession of any additional knowledge other than the information set forth and that further specifics concerning the reconfiguration, calibration of load weight and crane angle, etc., along with whether or not said manufacturer was aware or should have been aware of the hazard presented by virtue of the manner in which the reconfiguration was done and the product introduced for continued use in such form, was information to be ascertained in the course of on-going discovery. Clearly, whether or not Manitowoc was made aware by other parties to the transaction, or itself exercised pertinent inquiry as to the reasons for the reconfiguration request and the intended use of the crane, (to wit: the loading of ships, as opposed to routine stock-yard loading) is an issue subject to on-going discovery. This response, in conjunction with the Plaintiff's response to Interrogatory #13, provides the particular information currently in the possession of the Plaintiff. Plaintiff's response Interrogatory #13 sets forth, inter alia, that the reconfiguration of the cab height should have entailed a consideration of additional alerting measures to the operator, including load measuring devices with shut-off ability and/or a warning signal to the operator regarding an overload.

The moving party's pressing for additional specifics in seeking more responsive detail from the Plaintiff prior to the completion of fact-discovery, illustrates a pattern of evolving inquiry which expands the scope of the original question in several instances. Interrogatory #12 presents an example thereof. In its More Responsive Answer request, the moving Defendant presses for particulars such as "specific dimensions and descriptions of the dangerous and defective condition that the Defendant was aware of including the nature and time of said Defendant's awareness and a

description of what the Plaintiff alleges the Defendant should have done." The Plaintiff has set forth in his response and More Responsive Answers that he does not presently have any additional knowledge of said specifics such as the date(s) of the reconfiguration work or the nature and extent of the manufacturer's knowledge of the reasons for said request and other particulars of the transaction. This work was undertaken between the inquiring Defendant itself, the leasing Defendant and the employer Defendant. In fact, the moving party herein is, therefore, the party actually in possession of most of this information as to dates, scope of its involvement, discussions concerning same with other corporate Defendants, etc.

A similar flaw is manifest in the moving Defendant's pressing for more particularized detail in response to Interrogatory #14. The OSHA investigation and report, which is in the inquiring Defendant's possession, sets forth measurements and other information concerning the snapping of the crane while in operation by the decedent due to overload. Indeed, said report indicates that at the time in question the crane was not equipped with a load indicating device or alternate device. The extent of the inquiring Defendant's knowledge, direct or constructive, as to the absence of this device, insofar as it pertains to its involvement in the reconfiguration work, is the subject of on-going discovery and the Plaintiff at this point is entitled to further fact-discovery in order to ascertain this information before a disposition of the issue can and should be made.

The Plaintiff's right and need in the particulars of this case to supplement his responses and ascertain further information through on-going discovery was and is fairly and properly preserved, both in the responses and in accord with applicable law. Plaintiff should not be foreclosed from ascertaining facts for final issue disposition and/or case disposition against this Defendant via a discovery ruling in these circumstances. There has been disclosure in keeping with the flow of discovery to date and his responses have reflected same. There is no prejudice or harm occasioned to the moving party. Discovery in the form of Interrogatories, production and depositions are in order prior to the closure date of fact-discovery as presently set. The information to be ascertained via same shall serve to reveal in either the affirmative or contrary, whether the moving Defendant will be in a position for judgment in its favor on the merits of the controversy, which is, indeed, the proper and just basis for the resolution of the matter. The Plaintiff's good faith responses in answering Interrogatories to the effect that further discovery is necessary and/or that other parties are best positioned to provide the information being sought during the open discovery phase of the litigation, should be favored over blanket Objections, which ordinarily may result in increased Hearings and Motion practice.

It is respectfully submitted that the Defendant's Motion for Dismissal is a draconian measure unwarranted and disproportional in the circumstances of this case. Such a remedy would not satisfy the interests of justice. Such a ruling represents an extreme sanction appropriate only in cases in willful misconduct. *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988); *M.E.N., Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987); and *Ehrenhaus v. Reynolds, et als*, 965 F.2d 916 (10th Cir. 1992).

The need for case management and closure of discovery as a component thereof is recognized with respect and deference and while enforceable in a reasonable manner through Motion practice should allow for a party to complete case discovery rather than be denied full inquiry on the merits in circumstances as presented herein. There has not been a failure to respond nor produce nor appear for any deposition nor willful concealment. Respectfully, the moving party in the circumstances presented would be allowed to prematurely terminate the closure of discovery as against a lawful preservation of express and implicit rights on the part of the Plaintiff to pursue same. It is respectfully submitted that the Motion to Dismiss should be denied. With respect to the moving party's request for reimbursement of costs incidental to the filing of the Motion, said determination lies as well in the sound discretion of this Honorable Court. With regard to same, your Plaintiff prays that said request be denied in the circumstances.

Plaintiff,
**William A. Rushworth, Sr.**
By His Attorney,
*Law Offices of Carol A. Zangari*

\s\Carol A. Zangari

Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
401.831.1999 (t)
401.454.8309 (f)

Dated: September 4, 2007

**CERTIFICATION**

I hereby certify that on the 4th day of September, 2007, a true copy of the within was forwarded to: **John F. Kelleher, Esq.,** *Higgins, Cavanagh & Cooney, LLP*, The Hay Building, 4th Floor, 123 Dyer Street, Providence, RI 02903; **Mark P. Dolan, Esq.**, *Rice, Dolan & Kershaw*, 170 Westminster Street, Suite 900, Providence, RI 02903; **Michael J. Daly, Esq.**, *Vetter & White, Inc.*, 20 Washington Place, Providence, RI 02903; **Robert J. Quigley, Esq.**, *McKenney, Quigley, Izzo & Clarkin*, 95 Chestnut Street, Providence, RI 02903; **John R. Mahoney, Esq.**, 155 South Main Street, Providence, RI 02903; **Jeffrey Follett, Esq.**, *Foley & Hoag*, 155 Seaport Boulevard, Boston, MA 02210-2600; and **Brandon Bigelow, Esq.**, *Bingham McCutcheon, LLP*, 150 Federal Street, Boston, MA 02110.

\s\Carol A. Zangari
*Law Offices of Carol A. Zangari*