UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH : | |
| VS. : | C.A. NO. 06-0364T |
| MANITOWOC ENGINEERING CO., THE MANITOWOC COMPANY, INC. : | |
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH Plaintiff : | |
| VS. : | C.A. NO. 06-0369T |
| SALAH & PECCI LEASING COMPANY, INC., SALAH & PECCI, a/k/a JOHN DOE CORP. Defendant : | |
| VS. : | |
| METALS RECYCLING, LLC, MANITOWOC CRANES, INC. INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329 JOHN LOPES, in his capacity as President Of Local #1329; HORACE CASTLE, in his Capacity as Secretary-Treasurer of Local #1329; and JOHN DOES 1-5 Third-Party Defendants : | |

**MANITOWOC CRANES, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO PRECLUDE PLAINTIFF FROM RELYING UPON**
**ANY UNDISCLOSED EXPERT WITNESSES**

NOW COMES Defendant Manitowoc Cranes, Inc. (misdesignated herein as Manitowoc Engineering Co. and The Manitowoc Company, Inc.) and moves the Court for entry of an Order precluding Plaintiff from relying upon or seeking to introduce opinions from any expert witness whom Plaintiff has failed to disclose in compliance with the Court's March 26, 2007 Scheduling Order and the requirements of Fed.R.Civ.P. 26(a)(2).

## I. FACTS

### A. Incident Background.

This matter arises from an incident that occurred on **July 14, 2003**. At that time, William A. Rushworth, Jr. was loading metal scrap aboard a ship at the Providence Shipyard for his employer Metals Recylcing, LLC. In doing so, Mr. Rushworth attempted to lift a load which was substantially heavier than the capacity of the crane he was using to perform this task. The substantial overload situation which Mr. Rushworth created caused the crane to tip over and strike the ship into which he was loading the metal scrap. This caused the crane's boom to collapse resulting in portions of the boom falling into the operator's compartment. Sadly, Mr. Rushworth was killed.

### B. Plaintiff Commences This Lawsuit Three (3) Years Later.

On **July 13, 2006**, three (3) full years after the incident occurred, Plaintiff filed Case No. 06-0364T alleging that the crane being used at the time the incident occurred was somehow defective. Despite having had three (3) full years to investigate the accident prior to filing this lawsuit, the record in this case (as more fully set forth below),

clearly demonstrates that Plaintiff made the allegations against Manitowoc which are contained in his Complaint without any evidentiary support – expert or otherwise.[1]

**C. Plaintiff Has Failed to Comply With This Court's March 26, 2007 Scheduling Order.**

More than eight (8) months after Plaintiff commenced this lawsuit, this Court entered a Scheduling Order on **March 26, 2007** which required *inter alia* that Plaintiff make his Rule 26(a)(2) expert disclosures by not later than **February 28, 2008**. (See Court's March 26, 2007 Scheduling Order with Attached Scheduling Addendum Doc. 19, p. 7, attached hereto as **Exhibit A**). The Court also specifically forewarned Plaintiff that any witnesses not disclosed in accordance with the Court's March 26, 2007 Scheduling Order "may be barred from testifying unless the Court otherwise directs for good cause shown." See id. at p. 2 ¶3 (emphasis in original).

The Court's March 26, 2007 Scheduling Order was also explicit in that it did not permit Plaintiff to ignore requests for disclosure of experts merely because they may occur before the ultimate deadline of February 28, 2008. In particular, the Court ordered:

> Any party intending to utilize the testimony of an expert witness shall, upon request, disclose the identity of such witness promptly. If the expert is retained subsequent to such request, disclosure shall be made immediately after retention and before the Closure Date.

Id. (emphasis in original).

As outlined more fully below, Manitowoc propounded discovery which specifically requested the expert disclosure addressed in Paragraph 3 of the Court's

[1] It cannot be ignored that Plaintiff's and his counsel's decision to commence this action without any evidentiary support for the allegations and factual contentions Plaintiff has made against Manitowoc in this case is a clear violation of Fed.R.Civ.P. 11(b). The mere fact that an accident occurred is not a sufficient basis to seek to impose liability against Manitowoc nor to sue Manitowoc and make unsupported and substantiated accusations. See Lichtenstein v. Consolidated Services Group, Inc., 173 F.2d 17, 23(1st Cir. 1999). This issue will be further addressed by Manitowoc by means of future motions, rather than in this Motion to Preclude.

March 26, 2007 Scheduling Order. Yet irrespective of the February 28, 2008 deadline, in the year and a half since Manitowoc propounded that expert discovery, Plaintiff has never provided Manitowoc with an expert disclosure, much less one that comports with Fed.R.Civ.P. 26(a)(2), as required.

Plaintiff has violated two (2) distinct aspects of the Court's Scheduling Order– both the February 28, 2008 deadline imposed by the March 26, 2007 Scheduling Addendum, and the requirement to promptly provide expert disclosures upon request contained within the Scheduling Order. Notwithstanding the fact that Plaintiff had three (3) full years to investigate this incident prior to filing this action on July 13, 2006, and had more than one and one-half (1 ½) years after filing this case, to identify, disclose and provide proper Rule 26 disclosures for any expert upon who Plaintiff intended to rely, Plaintiff has chosen not to file any Rule 26(a)(2) disclosures. Similarly, Plaintiff has never formally sought any extension or modification of Plaintiff's February 28, 2008 Rule 26(a)(2) expert witness disclosure deadline.[2]

**D. Plaintiff's Non-Compliance With The Court's March 26, 2007 Scheduling Order Regarding Disclosure Of Expert Witnesses Is Merely The Latest Instance In A Pattern Of Disregard Which Plaintiff Has Shown For This Court's Orders And Plaintiff's Obligations As A Litigant.**

When Plaintiff failed to honor the Court's March 26, 2007 Scheduling Order, and particularly the February 28, 2008 expert witness disclosure deadline clearly set forth therein, this capped a pattern of repeated and systemic disregard Plaintiff has shown for the Orders of this Court and the obligations which Plaintiff has as someone who has

[2] Indeed, given that Plaintiff's Rule 26(a)(2) deadline has now expired, pursuant to Fed.R.Civ.P. 6(b) Plaintiff would be required to prove his failure to honor this deadline was the result of excusable neglect. In light of the record in this case, it would be virtually impossible for Plaintiff to make this necessary showing since Plaintiff has had nearly five (5) years since the subject incident occurred to investigate, identify and properly disclose any contemplated expert. In addition, Plaintiff's burden is even tougher to meet since Plaintiff has clearly known since March 26, 2007 that he would be required to make these disclosures on February 28, 2008.

chosen to be a litigant. What makes this latest example of Plaintiff's disregard so egregious is that Plaintiff has been previously been afforded many opportunities to put an end to this pattern of disregard and his repeated failure to fulfill his obligations – and particularly to properly and completely disclose any experts upon whom Plaintiff intended to rely.

From the very first moment that Manitowoc appeared in this case, Manitowoc has been attempting to obtain from Plaintiff any evidentiary support that Plaintiff supposedly had for the allegations and factual contentions made against Manitowoc including any expert support for those allegations and factual contentions. Manitowoc has been unable to gain this most basic information – information which Plaintiff should have already possessed (based upon the good faith pleading requirements of Fed.R.Civ.P. 11(b)) prior to ever commencing this lawsuit against Manitowoc.

As the record in this case clearly demonstrates, Manitowoc's efforts in this regard were repeatedly thwarted by Plaintiff thereby necessitating motion after motion – in fact, four (4) motions prior to this Motion to Preclude – to try to get Plaintiff to do that which he is obligated to do as someone who chooses to become a litigant.[3] Notwithstanding Manitowoc's multiple efforts to compel Plaintiff to provide the most basic information about Plaintiff's claims – information to which Manitowoc is not only entitled, but which Manitowoc needs to be able to properly defend its interests herein – Plaintiff has repeatedly failed to fulfill his obligations. There is no legitimate justification for Plaintiff's pattern of disregard for his obligations herein nor of the clear and unambiguous terms of the Court's Orders herein.

[3] Even though Manitowoc did not choose to become a litigant herein, it is nonetheless required to honor the deadlines established by this Court as well as the Federal Rules of Civil Procedure and local rules of this Court.

**1. The First Motion – Manitowoc's October 4, 2006 Motion To Compel.**

On August 10, 2006, at the same time that Manitowoc filed its answer, Manitowoc also propounded Interrogatories and Requests for Production of Documents to Plaintiff . One of the Interrogatories (No. 8) specifically requested that the Plaintiff:

> State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues in this case, and if so, as to each such expert, state:
>
> a. His name, home address, business address and occupation;
>
> b. His educational background including schools, colleges, universities attended, and as to each, the certificate or degree thereof;
>
> c. The field of his expertise and a description of the license or licenses with respect thereto, including the period of his license and the name of the issuing officer or agency;
>
> d. The name and address of each professional society or organization of which he is a member;
>
> e. The subject matter upon which he is expected to testify, to include the substance of the facts, opinions and/or conclusions to which the person is expected to testify, and a summary of the grounds for each opinion, and
>
> f. A description and date of each written report prepared by him to include the name and address of the person having present custody or control of each such report.

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff was required to respond to those Interrogatories by not later than September 11, 2006. <u>Plaintiff failed to do so.</u>

On September 20, 2006 Manitowoc's counsel reminded Plaintiff's counsel that answers to the Interrogatories were overdue and inquired as to whether the answers would be forthcoming. (See Letter from Gerald C. DeMaria to Carol A. Zangari dated

September 20, 2006, attached hereto as **Exhibit B**). Manitowoc's counsel was never contacted by Plaintiff's counsel with regard to these overdue responses.

Accordingly, on October 4, 2006 Manitowoc filed a Motion to Compel answers to those Interrogatories. Plaintiff did not object to Manitowoc's Motion to Compel and Judge Martin granted the motion on October 30, 2006, giving the Plaintiff 30 days to provide answers to Manitowoc's Interrogatories, including the Interrogatory relating specifically to expert opinions which supported Plaintiff's claims.

**2. The Second Motion – Manitowoc's January 16, 2007 Motion For Dismissal.**

Notwithstanding the Court's October 30, 2006 Order, Plaintiff asked Manitowoc for additional time beyond November 30, 2006 deadline to respond to the Interrogatories. Defendant worked with Plaintiff and agreed to a further minimal extension until December 24, 2006. Amazingly, Plaintiff ignored that deadline and failed to provided answers to Manitowoc's discovery or even an explanation as to why Plaintiff was ignoring that deadline.

Therefore, on January 16, 2007 Manitowoc filed a Motion to Dismiss Plaintiff's Complaint for failure to comply with the Court's October 30, 2006 Order. Before that Motion was heard or ruled upon, Plaintiff finally served "answers" to Manitowoc's Interrogatories on February 5, 2007. Those "answers", however, contained little, if any, meaningful information which Manitowoc could use to understand and evaluate the claims Plaintiff had asserted.

Of particular relevance to this Motion to Preclude, Plaintiff responded to the expert interrogatory (No. 8) by stating that:

> At this time no expert has been retained or engaged. The individuals conducting the OSHA investigation have expertise with respect to the issues presented.

(See Plaintiff's Answers to Defendant, Manitowoc Cranes Interrogatories dated February 5, 2007, attached hereto as **Exhibit C**).

It is impossible to understand how three and one-half (3 ½) years after the subject incident and at least seven (7) months after commencing this lawsuit the Plaintiff had yet to engage any expert witnesses – particularly since this indicates that Plaintiff did not have any evidentiary support for the allegations and factual contentions he had made against Manitowoc in his Complaint.

**3. The Third Motion – Manitowoc's April 24, 2007 Motion To Compel.**

Given Plaintiff's inadequate and untimely discovery responses, Manitowoc prepared a draft of another motion to compel seeking fully responsive answers to and forwarded it Plaintiff's counsel. (See letter from Beth A. Oldmixon to Carol A. Zangari dated March 19, 2007, attached hereto as **Exhibit D**). By means of this communication, Manitowoc specifically advised *inter alia* that:

> Defendant requests that Plaintiff identify OSHA investigators that he intends to call as experts. Plaintiff has not objected to providing this information. Plaintiff cannot remain silent. <u>See</u> <u>Monogram Models, Inc. vs. Industro Motive Corp.</u>, 492 F.2d 1281, 1287 (6th Cir. 1974); FRCP 33. Defendant has a right to know plaintiffs experts so that it may properly prepare this matter for trial by conducting depositions and hiring its own experts.

<u>Plaintiff never responded to this correspondence.</u>

Hearing no responses from plaintiff, on April 24, 2007 Manitowoc filed the Motion to Compel more responsive answers. Plaintiff filed no response or objection to Manitowoc's Motion to Compel. As such, on May 18, 2007 Judge Martin entered an

Order granting the motion and providing Plaintiff twenty-one days, or until June 8, 2007, within which to fully and completely respond to Manitowoc's Interrogatories. Plaintiff failed to honor the Court's May 18, 2007 Order and did not provide supplemental answers by June 8, 2007 as required.

**4. The Fourth Motion – Manitowoc's June 27, 2007 Motion to Dismiss.**

Having not received any responses from Plaintiff as was required pursuant to the Court's May 18, 2007 Order, Manitowoc filed a motion to dismiss – the fourth motion – on June 27, 2007. The Court set a hearing date of August 10, 2007.

Plaintiff finally filed Supplemental Answers to Interrogatories on July 12, 2007; this was over one month late and presumably occurred only because Manitowoc had filed the Motion to Dismiss. Plaintiff's belated Supplemental Answer to Interrogatory 8 stated:

> The OSHA investigator's(s') identity(ies) are set forth in the OSHA report, which is in the possession of the Defendant seeking this information. In particular, an investigation was conducted by Kipp Hartmann, who was an Area Director at the United States Department of Labor, OSHA Division, located at 380 Westminster Street, Providence, Rhode Island. At this time, there has been no final decision as to experts to be called for Trial testimony. Discovery is ongoing and is not due for closure and/or disclosure of experts for several months.

(See Plaintiff's More Responsive Answers to Defendant, Manitowoc Crane's Interrogatories, Dated July 12, 2007, attached hereto as **Exhibit E**).

While it was impossible to comprehend why Plaintiff had not engaged any experts as of February of 2007, it was unfathomable how even more time had passed by – in fact, four (4) years had passed since the incident – and Plaintiff still had not obtained the basic

information that Fed.R.Civ.P. 11(b) required him to have when he chose to file this lawsuit.

The pattern of disregard that Plaintiff has clearly shown for Orders of this Court and the obligations which Plaintiff has as someone who has chosen to be a litigant, warrant – indeed require – that Plaintiff's failure to honor the Court's March 26, 2007 Scheduling Order as pertains to Plaintiff's obligations to provide expert witness disclosures result in Plaintiff being precluded from relying upon or seeking to introduce any expert witness not timely and properly disclosed.

## II. ARGUMENT

### A. Manitowoc's Motion To Preclude Should Be Granted Due To Plaintiff's Repeated Failure To Comply With This Court's Orders Compelling Discovery And This Court's Scheduling Order.

Federal Rule of Civil Procedure 37(c)(1) states that "a party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)…is not, unless such failure is harmless, permitted to use as evidence at trial…any witness not so disclosed." As the record in this case clearly indicates, Plaintiff was required by means of the Court's March 26, 2007 Scheduling Order to promptly provide expert disclosures upon request and if not requested, by not later than February 28, 2008. Plaintiff has done neither.

This Court has "wide ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines." Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este, 456 F.3d 272, 275 (1st Cir. 2006). "This authority extends to the enforcement of case management orders." Id. "The baseline rule is that the required

sanction in the ordinary case is mandatory preclusion." Id. at 276 (internal quotations omitted). The First Circuit has warned that "a litigant who ignores a case-management deadline does so at his peril." Rosario-Diaz v. Gonzalez, 140 F.3d 312, (1st Cir. 1998).

In Santiago-Diaz, the plaintiff consistently filed pleadings out of time, originally filed a one line expert disclosure and later filed a one page expert disclosure. Neither disclosure complied with the rules and were found to "not come within a country mile of satisfying the requirements of either the case-management order or the Civil Rules." Santiago-Diaz, 456 F.3d at 276. The First Circuit found that the Plaintiff's "dereliction was both obvious and repeated" and that she did not advance any "plausible (let alone substantial) justification." Id. at 277. Finally, the Court found that "the plaintiff's foot-dragging in announcing her expert and providing his report deprived the defendants of the opportunity to depose him, impeach his credentials, pursue countering evidence, or generally prepare their defenses." Id. Given all these factors the First Circuit upheld the District Court's order precluding the Plaintiff's expert witnesses.

This First Circuit issued a similar decision in 2001 in Ortiz-Lopez v. Espanola De Auxilio Mutuo Y Beneficiencia De Puerto Rico, 248 F.2d 29, (1st Cir. 2001). There, the Defendant warned the Plaintiff over the course of six months, through correspondence and motions, that Plaintiff's expert disclosures were insufficient. The Court found that the deficient expert report "[flew] in the face of the purpose of the mandatory expert disclosure and requirements delineated in Rule 26(a)(2), which Rule 37(c) is intended to uphold and facilitate." Id. at 35. The First Circuit upheld the District Court's finding that the Plaintiff's failure to comply with the automatic disclosure Rule 26(a) was both without substantial justification and not harmless. Id. The Court found that the record

reflected that the plaintiff's disregard of discovery rules was egregious and may have been deliberate and willful. Id. Consequently, the court upheld the District Court's ruling excluding expert testimony pursuant to Rule 37(c). Id.

As the record in this case clearly shows, Plaintiff here, as in Santiago-Diaz and Ortiz-lopez, has willfully and repeatedly failed and refused to comply with this Court's order compelling him to provide a specific and detailed answer to Manitowoc's expert interrogatory. In addition, Plaintiff has blatantly disregarded the Court's scheduling order and has not designated its experts prior to the February 28, 2008 deadline. Plaintiff cannot provide any substantial justification for failing to provide expert disclosures. This incident occurred nearly five years ago; Plaintiff filed suit nearly two years ago; Plaintiff was clearly forewarned over a year ago that he had an expert witness disclosure deadline of not later than February 28, 2008 (unless Manitowoc requested disclosure of this information sooner – which it did). Manitowoc's interrogatories have been pending for more than one year. Plaintiff has been under Court order to respond since October 30, 2006. Plaintiff has been aware of the Scheduling Order for one year.

Plaintiff's failure to provide any expert disclosure has deprived Manitowoc of the opportunity to depose the expert, impeach the expert, pursue countering theories and generally prepare its case.

## III. CONCLUSION

For the reasons set forth above, Manitowoc respectfully requests that the Court preclude Plaintiff from relying upon any expert witness who has not been disclosed in accordance with the Court's March 26, 2007 Scheduling Order and Fed.R.Civ.P. 26(a)(2).

Defendant
By Their Attorneys,
HIGGINS, CAVANAGH & COONEY,LLP
/s/ Beth A. Oldmixon
John F. Kelleher, Esq., No. 3854
Beth A. Oldmixon, Esq. No. 7211
123 Dyer Street
Providence, RI 02903-3987
Telephone: 401-272-3500
Facsimile: 401-273-8780
E-Mail: boldmixon@hcc-law.com

**CERTIFICATION**

I, Beth A. Oldmixon, hereby certify that the within document was electronically filed on April 1, 2008. I further certify that a true copy of the within was sent by electronic means (ECF) to the following counsel of record: Howard Goldberg at hgoldberg@foleyhoag.com; Michael J. Daly at mdaly@vetterandwhite.com; Mark P. Dolan, Esq. at ricedolan@ricedolan.com; James D'Ambra, Esq. at ricedolan@ricedolan.com; Jeffrey S. Follett, Esq at jfollett@foleyhoag.com; Brooks R. Magratten, Esq at bmagratten@vetterandwhite.com; John R. Mahoney, Esq., at jackmahoney@amlawllp.com, lsoucy@amlawllp.com and at johnmahoney@amlawllp.com; Robert J. Quigley, Jr. at rquigley@mqiclaw.com; and Carol A. Zangari at caz@zangarilaw.com on this 1st day of April, 2008.

/s/ Beth A. Oldmixon