UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH | : | |
| VS. | : | C.A. NO. 06-364T |
| MANITOWOC ENGINEERING CO. THE MANITOWOC COMPANY, INC. | : | |
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH, Plaintiff | : | |
| VS. | : | C.A. NO. 06-369T |
| SALAH & PECCI LEASING COMPANY, INC., SALAH & PECCI, a/k/a JOHN DOE CORP., Defendant | : | |
| VS. | : | |
| METALS RECYCLING, LLC, MANITOWOC CRANES, INC. INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329 JOHN LOPES, in his capacity as President Of Local #1329; HORACE CASTLE, in his Capacity as Secretary-Treasurer of Local #1329; and JOHN DOES 1-5, Third-Party Defendant | : | |

**PLAINTIFF'S OBJECTION TO AND APPEAL OF MAGISTRATE JUDGE MARTIN'S REPORT AND RECOMMENDATION DATED MARCH 27, 2008 RE: MANITOWOC, INC.'S "RENEWED MOTION TO DISMISS" and/or "RENEWED MOTIONS."**

Pursuant to Federal Rule of Civil Procedure 72(b) and its correlating local Rule(s), the Plaintiff in the within action files the present Objection and herein appeals from the March 27, 2008 Report and Recommendation of U.S. Magistrate Judge David L. Martin concerning Defendant, Manitowoc

Engineering Co., the Manitowoc Company, Inc.'s renewed Motions to Dismiss. [*Report and Recommendation*, Doc. #30]

Plaintiff's Objection is as follows:

- Plaintiff objects to the portion of the said Recommendation which would allow for the award to Defendant, "Manitowoc" its reasonable expenses, including attorney fees in connection with four (4) Motions which Manitowoc filed regarding Plaintiff's responses to Manitowoc's Interrogatories. [*Report and Recommendation*, Doc. #30 at page 2.]

Plaintiff asserts as follows:

- The renewed Motions under consideration in the Report and Recommendation at issue were referred to the Honorable Magistrate Judge Martin "for preliminary review, findings and recommended disposition pursuant to 28 USC §636(b)(1)(B)." [See *Report and Recommendation*, Doc. #30 at pages 2 and 16.] The Defendant's Motion sought, inter alia, relief of a dispositive nature and was considered as such. Accordingly, Plaintiff is entitled to a de novo standard of review with respect to the portion of the Recommendation to which the above-referenced Objection is asserted pursuant to Rule 72(b).

The Defendant/moving party should not be afforded an award of its expenses/legal fees for the Motions as recommended in that:

- The Plaintiff filed responses to the Interrogatories of the moving party/manufacturer setting forth the information available to him at the time in support of the allegations raised against this particular Defendant during the time when discovery was pending. Plaintiff's assertion was that other parties were in possession of the particular information sought in subsequent Motions.

- There was a good faith attempt to disclose information concerning the allegations specified with no prejudice occasioned upon the Defendant in the timeline presented in responses submitted.

- The Plaintiff's filing of Answers and More Responsive Answers to Defendant's Interrogatories were made within timelines which were not so protracted in the circumstances of this case as to warrant the assessment and awarding of fees to the moving party.

- The circumstances of the litigation at issue and content of the Plaintiff's assertions and responses as provided to this corporate Defendant/moving party warrant a finding that the persistent filing and pressing of Motions to compel more particulars and for further more aggressive forms of relief were neither necessary nor representative of a genuine discovery dispute between these parties.

- The Plaintiff's disclosure of information and the findings in the Report and Recommendation as to the Plaintiff's justified reliance upon information to be disclosed by other parties so as to fully illuminate the particulars being sought by the moving party in its Motions filed against the Plaintiff, who occupies a representative capacity in this particular

litigation, call for a determination that an award of fees in this case is not in accord with an equitably sound application of the discovery rules and Rule 37.

While Plaintiff asserts that the applicable standard herein is a de novo review of the portion of the Recommendation to which this objection is raised so as to allow for reconsideration of same, in order to preserve and protect all rights to review and appeal, the Plaintiff further alternatively asserts herein, for said purpose, that pursuant to Rule 72(a), said provision in the Recommendation which provides for the award of attorney's fees is clearly erroneous and/or contrary to law and Plaintiff cites each of the aforesaid points in support of said contention.

Plaintiff further relies upon the Memorandum in Support of this notice of Objection and Appeal filed herewith.

Plaintiff,
**William A. Rushworth, Sr.**
**Ind. And In His Capacity as Adm. of the Estate of Todd Brian Rushworth**
By His Attorney,
*Law Offices of Carol A. Zangari*

\s\Carol A. Zangari
Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
401.831.1999 (t)
401.454.8309 (f)

Dated: April 10, 2008

**CERTIFICATION**

I hereby certify that on the 10th day of April, 2008, a true copy of the within was forwarded to: **John F. Kelleher, Esq.,** *Higgins, Cavanagh & Cooney, LLP*, The Hay Building, 4th Floor, 123 Dyer Street, Providence, RI 02903; **Mark P. Dolan, Esq.**, *Rice, Dolan & Kershaw*, 72 Pine Street, Suite 300, Providence, RI 02903; **Michael J. Daly, Esq.**, *Vetter & White, Inc.*, 20 Washington Place, Providence, RI 02903; **Robert J. Quigley, Esq.**, *McKenney, Quigley, Izzo & Clarkin*, 95 Chestnut Street, Providence, RI 02903; **John R. Mahoney, Esq.**, 155 South Main Street, Providence, RI 02903; **Jeffrey Follett, Esq.**, *Foley & Hoag*, 155 Seaport Boulevard, Boston, MA 02210-2600; and **Brandon Bigelow, Esq.**, *Bingham McCutcheon, LLP*, 150 Federal Street, Boston, MA 02110.

\s\Carol A. Zangari
*Law Offices of Carol A. Zangari*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH | : | |
| VS. | : | C.A. NO. 06-364T |
| MANITOWOC ENGINEERING CO. THE MANITOWOC COMPANY, INC. | : | |
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH Plaintiff | : | |
| VS. | : | C.A. NO. 06-369T |
| SALAH & PECCI LEASING COMPANY, INC., SALAH & PECCI, a/k/a JOHN DOE CORP. Defendant | : | |
| VS. | : | |
| METALS RECYCLING, LLC, MANITOWOC CRANES, INC. INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329 JOHN LOPES, in his capacity as President Of Local #1329; HORACE CASTLE, in his Capacity as Secretary-Treasurer of Local #1329; and JOHN DOES 1-5 Third-Party Defendant | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO AND APPEAL OF MAGISTRATE JUDGE MARTIN'S REPORT AND RECOMMENDATION DATED MARCH 27, 2008 RE: DEFENDANT, MANITOWOC, INC.'S "RENEWED MOTIONS TO DISMISS" AND/OR "RENEWED MOTIONS."**

On March 27, 2008, Magistrate Judge David L. Martin issued a Report and Recommendation concerning Defendant, Manitowoc Cranes, Inc.'s Renewed Motion to Dismiss [Doc. #22 filed in

C.A.. 06-364T] and Manitowoc Cranes, Inc.'s Motion to Dismiss [Doc. #37 filed in C.A. 06-369T] collectively referred to as the "Renewed Motions" and the Plaintiff's Objection. [Doc. #23]

Said Report and Recommendation expressly states at the outset that the Motions were referred for "preliminary review, findings and recommended disposition pursuant to 28 U.S.C. §636(b)(1)(B) [*Report and Recommendation* at page 2]

Plaintiff has filed simultaneously with this Memorandum a timely Objection to the pertinent portion of the Recommendation pursuant to Rule 72(b) in accordance with the express provisions set forth in the Report and Recommendation and applicable law.

## ***Standard of Review***

The Manitowoc Motions at issue and considered by the Magistrate Judge were seeking, inter alia, dispositive relief. Given the basis for the referral of same as cited in the Report and the applicability of Rule 72(b), the Plaintiff is entitled to a de novo review and determination of that portion of the Report, findings or recommendations to which timely objection is made. A second evidentiary Hearing may not be required; however, the conclusion/recommendation of the Magistrate Judge with respect to the portion of the recommendation to which an objection is lodged is not protected by the clearly erroneous doctrine.

## ***Argument***

The Defendant Manitowoc, the moving party in the Motions at issue, was provided with a good faith disclosure of information available to the Plaintiff during the discovery phase. A review of the said Defendant's subsequent Motion filing pattern after receipt of responses reflects a persistent and evolving request for particulars not yet available to the Plaintiff given the status of discovery at the time. The Court's discretion in determining whether to allow an award of expenses to a moving party should encompass a recognition of the relative capacities of the competing parties to ascertain the information sought, the genuine need for the information at the time requested and pressed for via Motion and whether in the totality of circumstances such an award of expenses is just.

In the instant case, as cited in the Report's findings, Plaintiff's Answers to the moving Defendant's Interrogatories due on December 24, 2006 were filed on February 5, 2007. More Responsive Answers sought thereafter with a host of more specific inquiries and some of which arguably expanded the scope of the question as originally framed were due on June 8, 2007 and the responses filed on July 12, 2007 with Plaintiff's objection to the Defendant's Renewed Motion to

Dismiss. The Plaintiff, in various responses at issue, set forth his need and right to gather further information from other parties in a position to provide same during the discovery phase. Such a response was justified. The moving party's persistence in pressing the Plaintiff for such data is legitimately open to question as to the issue of the genuineness of its need to obtain such specifics through filing and pressing forward with Motions at the time. Motion practice while a "tool" should not be allowed as a hammer to be utilized to force a discovery dispute to Court when no genuine dispute exists. The award of expenses to the moving Defendant herein should not stand as it is unwarranted in the circumstances. There was no prejudice to the Defendant. The Plaintiff provided good faith disclosure. The nature of the case, the Plaintiff's representative capacity and the moving Defendant's own superior knowledge of its own product with respect to the particulars sought in certain portions of the discovery underlying the Motions, each of which factors were found by the Magistrate Judge, all lead to the conclusion that Manitowoc should bear its own costs/fees for the Motions it chose to press forward with Court intervention at the Hearing before the Magistrate Judge.

Plaintiff,
**William A. Rushworth, Sr.**
By His Attorney,
*Law Offices of Carol A. Zangari*

\s\Carol A. Zangari
Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
401.831.1999 (t)
401.454.8309 (f)

Dated: April 10, 2008

## CERTIFICATION

I hereby certify that on the 10th day of April, 2008, a true copy of the within was forwarded to: **John F. Kelleher, Esq.,** *Higgins, Cavanagh & Cooney, LLP*, The Hay Building, 4th Floor, 123 Dyer Street, Providence, RI 02903; **Mark P. Dolan, Esq.**, *Rice, Dolan & Kershaw*, 72 Pine Street, Suite 300 Providence, RI 02903; **Michael J. Daly, Esq.**, *Vetter & White, Inc.*, 20 Washington Place, Providence, RI 02903; **Robert J. Quigley, Esq.**, *McKenney, Quigley, Izzo & Clarkin*, 95 Chestnut Street, Providence, RI 02903; **John R. Mahoney, Esq.**, 155 South Main Street, Providence, RI 02903; **Jeffrey Follett, Esq.**, *Foley & Hoag*, 155 Seaport Boulevard, Boston, MA 02210-2600; and **Brandon Bigelow, Esq.**, *Bingham McCutcheon, LLP*, 150 Federal Street, Boston, MA 02110.

\s\Carol A. Zangari
*Law Offices of Carol A. Zangari*