UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR.,
Individually and in his capacity as
Administrator of the Estate of
TODD BRIAN RUSHWORTH

v.   CA No. 06-364-T

MANITOWOC ENGINEERING CO.,
THE MANITOWOC COMPANY, INC.

**consolidated with**

WILLIAM RUSHWORTH, SR.,
Individually and in his capacity as
Administrator of the Estate of
TODD BRIAN RUSHWORTH

v.

SALAH & PECCI LEASING COMPANY, INC.   CA No. 06-369-T
SALAH & PECCI a/k/a John Doe Corp.

v.

METALS RECYCLING, LLC, ET AL.

### MEMORANDUM AND ORDER GRANTING METALS RECYCLING, LLC'S MOTION FOR SUMMARY JUDGMENT

This wrongful death action was brought by the estate of Todd Rushworth ("Rushworth"), an employee of Metals Recycling, LLC ("Metals"), who died as a result of injuries sustained when he was operating a crane manufactured by Manitowoc Cranes, Inc. ("Manitowoc") and leased to Metals by Salah & Pecci ("S&P"), and the crane toppled over.

The complaint alleges that S&P is liable because it was negligent in modifying and/or failing to properly maintain the crane and because the crane was not fit for its intended purpose. S&P has filed a third-party complaint against Metals seeking indemnification based on a provision in what is alleged to be the lease agreement between S&P and Metals.

Metals has moved for summary judgment arguing that the indemnification provision does not apply to losses resulting from S&P's own negligence. For the reasons hereinafter stated, Metals's motion for summary judgment is granted.

## Facts

There is no dispute that at the time the crane toppled over, Rushworth was operating it during the course of his employment by Metals and that Metals paid workers' compensation benefits to Rushworth's estate. Nor is there any dispute that the crane had been leased to Metals by S&P.

The written lease agreement presented to Metals by S&P contained an indemnification provision but its precise terms are disputed because Metals purported to strike a portion of the indemnification provision before signing the lease. However, that dispute is not material because, for purposes of the instant motion, Metals concedes, *arguendo*, that the indemnification provision is as set forth in the original document, which provides:

2

"LESSEE TO INDEMNIFY LESSOR FOR ALL LOSSES, DAMAGES, EXPENSES, AND PENALTIES ARISING FROM ANY ACTION ON ACCOUNT OF PERSONAL INJURY OR DAMAGE TO PROPERTY OCCASSIONED [SIC] BY THE OPERATION, HANDLING, OR ON-SITE TRANSPORTATION AND FOR ANY OTHER CAUSES OF THIS EQUIPMENT DURING THE RENTAL PERIOD AND THAT THE LESSOR SHALL BE SAVED HARMLESS FOR ALL COURT ACTIONS AND ALL CLAIMS FOR INJURIES TO PERSONS OR PROPERTY OCCASSIONED [SIC] TO USE OF THIS EQUIPMENT WHILE IN YOUR POSSESSION."

Analysis

I. Employer Indemnification

It is well settled, under Rhode Island law, that an employer who has paid workers' compensation benefits to an injured employee cannot be sued for contribution by a third party on a joint tortfeasor theory even if there is evidence that the employer was negligent. A and B Constr., Inc. v. Atlas Roofing and Skylight Co., 857 F. Supp. 100, 106 (D.R.I. 1994) (citing Gormly v. I. Lazar & Sons, Inc., 926 F.2d 47 (1st Cir. 1991); Iorio v. Chin, 446 A.2d 1021 (R.I. 1982)). The reason for this rule is that, in exchange for requiring an employer to make payment to an injured employee even though the employer was not at fault for the injury, workers' compensation laws cap the employer's liability at the amount of the required payment and they insulate the employer from liability to third parties who seek joint tortfeasor contribution or indemnity with respect to claims relating to the injury. See, Rison v. Air Filter Sys., Inc., 707 A.2d 675, 684 (R.I. 1998).

3

However, the protection from tort claims afforded to an employer does not protect the employer from liability from contribution or indemnity based on a contract between the employer and the third-party tortfeasor. Cosentino v. A.F. Lusi Constr. Co., Inc., 485 A.2d 105, 107-108 (R.I. 1984)(collecting cases)(Notwithstanding exclusive remedy provision in Workers' Compensation Act, "it is generally agreed a third-party action for contract indemnification from the employer is not an action based upon the employee's injury but rather is an action for reimbursement based upon an expressed contractual obligation between the employer and a third-party plaintiff. This obligation is independent of any statutory duty the employer may owe an employee"). Liability for contractual indemnification is determined in accordance with the terms of the contract and the law applicable to such contracts. Under Rhode Island law, an indemnification agreement does not operate to indemnify a party against that party's own negligence unless the agreement so provides in language that is clear and unequivocal. Rhode Island Hosp. Trust Nat'l Bank v. Dudley Serv. Corp., 605 A.2d 1325, 1327 (R.I. 1992); Corrente v. Conforti & Eisele Co., 468 A.2d 920, 922-23 (R.I. 1983).

II. <u>The Indemnification Provision</u>

The indemnification provision at issue in this case is reasonably clear insofar as it purports to indemnify S&P from losses attributable to "the operation" of the crane but the phrase and "for any other causes of this equipment" is far from clear. S&P argues that despite what most charitably may be described as the ungrammatical wording of that clause, it should be construed as providing indemnification for losses arising out of all causes other than operation of the equipment. However, even if that interpretation is accepted, it does not entitle S&P to indemnification.

Rushworth's claim against S&P is based on allegations that S&P was negligent in redesigning and/or failing to maintain the crane. Consequently, S&P's indemnification claim against Metals seeks indemnification for S&P's own negligence but as already noted, S&P is not entitled to such indemnification unless it is clearly and unambiguously provided for by the lease agreement. The indemnification provision in the lease falls far short of satisfying that requirement. Even if it is construed as requiring Metals to indemnify S&P for <u>any</u> losses occurring while the crane was in Metals's possession, it fails to specify that the obligation extends to losses resulting from S&P's own negligence.

## Conclusion

For all of the foregoing reasons, Metals's motion for summary judgment is granted.


IT IS SO ORDERED,

_Ernest C Torres_
Ernest C. Torres
Sr. U.S. District Judge

Date: 11/24/08

6