UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR.,
Individually and in his capacity as
Administrator of the Estate of
TODD BRIAN RUSHWORTH

v.

SALAH & PECCI LEASING COMPANY, INC.          C.A. No. 06-369-T
SALAH & PECCI a/k/a John Doe Corp.

v.

METALS RECYCLING, L.L.C.;
MANITOWOC CRANES, INC.

### CLARIFICATION OF MEMORANDUM AND ORDER GRANTING METALS RECYCLING, LLC'S MOTION FOR SUMMARY JUDGMENT

On November 25, 2008, this Court granted Metals Recycling, LLC's ("Metals") motion for summary judgment with respect to the third-party complaint asserted by Salah & Pecci Leasing Company, Inc. ("SPL"), Rushworth v. Manitowoc Engineering Co., 2008 WL 5048208 (D.R.I. Nov. 25, 2008). The grounds for Metals' motion were that: (1) because Metals paid workers' compensation benefits to the plaintiff estate, Metals could not be held liable to SPL for joint tortfeasor contribution or equitable indemnification and (2) the indemnification provision in the lease between SPL and Metals did not entitle SPL to indemnification for losses resulting from SPL's own negligence. However, the November 25, 2008 Memorandum

and Order granting Metals' motion for summary judgment (the "November Order") did not specifically limit the judgment to the issues raised by Metals' motion. The purpose of this Memorandum and Order is to clarify the November Order so that it will not be construed as foreclosing any claim that SPL may have against Metals for <u>contractual</u> indemnification for any liability incurred by SPL that may be attributable to negligence on the part of <u>Metals</u>.

As noted in this Court's November Order, under Rhode Island law, an employer who has paid workers' compensation benefits cannot be held liable for contribution, <u>as a joint tortfeasor</u>, for injuries sustained by an employee. As also noted, the protection from joint tortfeasor liability does not extend to liability for contribution or indemnity based on a <u>contract</u> entered into by the employer except that such a contract cannot require the employer to indemnify against losses occasioned by the promisee's own negligence unless the contract so provides in language that is clear and unequivocal.

The November Order did not address whether the indemnification provision in the lease between SPL and Metals required Metals to "indemnify" SPL for any portion of SPL's liability that might be

attributable to Metals' negligence but, clearly, the answer to that question is yes.[1] Under Rhode Island, it is well established that, while the Workers' Compensation Act bars <u>joint tortfeasor</u> claims against an employer who has paid benefits to an injured employee, it does not bar claims for <u>contractual</u> indemnification. The rationale for the distinction is that "a third-party action for contract indemnification from the employer is not an action based upon the employee's injury but rather is an action for reimbursement upon an expressed contractual obligation between the employer and a third-party plaintiff." <u>Cosentino v A.F. Lusi Constr. Co., Inc. et al.</u>, 485 A.2d 105, 107 - 108 (R.I. 1984). See <u>Cosimini v. Atkinson-Kiewit Joint Venture, et al.</u>, 877 F. Supp. 68, 70 (D.R.I. 1995)(upholding an indemnification provision in a contract entered into by an employer who paid workers' compensation benefits "'[b]ecause it is an independent obligation and was bargained for by the parties.'")(citation omitted).

In short, the November Order granting Metals' motion for summary judgment should be described more accurately as an order

---

[1] Since the issue of indemnification would arise only if SPL is found to be negligent; and, since SPL is not entitled to indemnification against the consequences of its own negligence, it is unlikely that SPL could obtain full indemnification from Metals.

granting <u>partial</u> summary judgment in favor of Metals with respect to any claims by SPL for joint tortfeasor contribution, equitable indemnity and/or contractual indemnity for any losses incurred by SPL as a result of its <u>own</u> negligence.

It is so ordered.

By Order

_____
Deputy Clerk

ENTER:

_____
Ernest C. Torres
Senior U.S. District Judge

Date: January 27, 2009